**[Exempt From Filing Fee
Government Code § 6103]**

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
Nathaniel Rosilez, SBN 339229
nrosilez@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for RIVERSIDE UNIFIED
SCHOOL DISTRICT, AMANDA
CHANN, and LEANN IACUONE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| SAVE GIRLS' SPORTS, an unincorporated California association; T.S., a minor by and through her father and natural guardian, RYAN STARLING, individually, and on behalf of all others similarly situated; and K.S., a minor by and through her father and mother and natural guardians, DANIEL SLAVIN and CYNTHIA SLAVIN, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TONY THURMOND, in his official capacity as State Superintendent of Public Instruction; ROB BONTA, in his official capacity as State Attorney General; RIVERSIDE UNIFIED SCHOOL DISTRICT; LEANN IACUONE, Principal of Martin Luther King High School, in her personal and official capacity; and AMANDA CHANN, Assistant Principal and Athletic Director of Martin Luther King High School, in her personal and official capacity,<br><br>Defendants. | CASE NO. 5:24-cv-02480-SSS (SPx)<br><br>**DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT**<br><br>[F.R.C.P. Rule 12(b)(1), Rule 12(b)(6) and Rule 12(e)]<br><br>The Hon. Sunshine Suzanne Sykes<br><br>Trial Date:        None Set<br><br>*(Filed concurrently with 1) Declaration of Milton E. Foster III in Support of Motion to Dismiss; 2) Request for Judicial Notice; 3) [Proposed] Order)* |

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

_____

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on March 28, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard via Zoom in the courtroom of the Honorable Sunshine Suzanne Sykes, located in the United States Courhouse, 3470 Twelfth Street, Riverside, CA 92501, Defendants Riverside Unified School District ("District"), Dr. Leann Iacuone ("Iacuone"), and Amanda Chann ("Chann") (the District, Iacuone, and Chann collectively hereinafter "Defendants") will and hereby do move this Court to dismiss Plaintiffs T.S., K.S., and Save Girls' Sports' (collectively "Plaintiffs") Fourth, Fifth, Sixth, and Seventh Claims for Relief in Plaintiffs' First Amended Complaint ("FAC").

Defendants Iacuone and Chann are named as defendants to each of Plaintiffs' seven claims for relief.  The District is named as a defendant to Plaintiffs' Fourth, Fifth, Sixth, and Seventh Claims for Relief.  Defendants move for dismissal as follows:

1.      As to the Fourth and Seventh Claims for Relief under 12(b)(6) due to Plaintiff's failure to state a claim upon which relief can be granted due to Plaintiffs' failure to allege facts sufficient to constitute Intentional Discrimination under Title IX or a violation of Education Code section 220.

2.      As to the Fifth and Sixth Claims for Relief under 12(b)(1) as Plaintiffs have not alleged an injury in fact sufficient to confer constitutional standing.

3.      In the alternative, as to Plaintiff's Fifth and Sixth Claims for Relief, Defendants seek an order that Plaintiffs' provide a more definite statement of their claims pursuant to FRCP 12(e) as it is unclear which allegations apply to which Defendants as Plaintiffs purport to challenge California Assembly Bill 1266.

This motion is made following the L.R. 7-3 conference of counsel which took place between February 21, 2025 and February 28, 2025 via email.  Notably, during the process of conducting the L.R. 7-3 conference of counsel, Plaintiffs' counsel

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

2

1  confirmed that Plaintiffs' claims arising under Title IX were not being pursued

2  against Dr. Iacuone and Ms. Chann in their individual capacities.  Accordingly,

3  Defendants agreed to forego brining a Motion to Dismiss Plaintiffs' Title IX claims

4  on the grounds that Dr. Iacuone and Ms. Chann are not suable entities for the

5  purposes of Title IX.

6       This Motion is based upon this Notice of Motion and the attached

7  Memorandum of Points and Authorities, filed concurrently herewith, all of the

8  pleadings, files, and records in this proceeding, any matters to which the Court may

9  properly judicially notice at the pleading stage, and any argument or evidence that

10  may be presented to or considered by the Court prior to its ruling.

11  DATED:  February 28, 2025          FAGEN FRIEDMAN & FULFROST, LLP

12

13

14  By: _____

15  Milton E. Foster III
   Attorneys for RIVERSIDE UNIFIED SCHOOL
16  DISTRICT, AMANDA CHANN, and LEANN
   IACUONE

17

18

19

20

21

22

23

24

25

26

27

28

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE
A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT

1
2

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ..............................1

II.   SUMMARY OF RELEVANT FACTS ...........................................................2

    A.   Dr. Leann Iacuone and Amanda Chann are Employed by the District at King High School...........................................................2

    B.   Plaintiffs T.S. and K.S. Compete on the King Girls' Cross Country Team ......................................................................................2

    C.   M.L. Earns Her Way Onto the King Girls' Varsity Cross Country Team for the Prestigious Mt. SAC Invitational .................................3

III.  LEGAL ARGUMENT .....................................................................................5

    A.   Standard of Review .............................................................................5

        1.   FRCP Rule 12(b)(1)...................................................................5

        2.   FRCP Rule 12(b)(6)...................................................................5

        3.   FRCP 12(e) ................................................................................6

    B.   Plaintiffs Fail to State Their Claims Under Title IX............................7

        1.   Plaintiffs Have Failed to Establish Constitutional Standing as to Plaintiffs Fifth and Sixth Claims for Relief ......................7

        2.   Plaintiffs' Fourth Claim for Relief Fails to Plead Sufficient Facts to Support a Finding of Title IX Intentional Discrimination ...........................................................................9

    C.   Plaintiffs Fail to State a Claim for Violation of Education Code Section 220........................................................................................10

        1.   Defendants Conduct is Consistent with Education Code Section 220 ...............................................................................10

        2.   Plaintiffs' Allegations do not Support a Claim for Violation of Education Code Section 220 ...............................11

    D.   Plaintiffs' FAC Requires a More Definite Statement..........................12

IV.   CONCLUSION .............................................................................................13

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

i

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal*
5      556 U.S. 662 (2009) ........................................................................... 5, 6

6

*Bell Atlantic Corp. v. Twombly*
7      550 U.S. 544 (2007) ............................................................................... 5

8      *C.C. v. Paradise High Sch.*, No. 216CV02210KJMDMC, 2019 WL
9          6130439
       (E.D. Cal. Nov. 19, 2019) .................................................................... 11
10

11     *Center for Bio-Ethical Reform v. Napolitano*
       648 F.3d 365 (6th Cir. 2011) ................................................................. 6
12

13     *In re Century Aluminum Co. Sec. Litig.*
       729 F.3d 1104 (9th Cir. 2013) ............................................................... 6
14

15     *Donovan v. Poway Unified Sch. Dist.*
       167 Cal. App. 4th 567 (2008) .............................................................. 11
16

17     *Fed'n of African Am. Contractors v. City of Oakland*
       96 F.3d 1204 (9th Cir. 1996) ................................................................. 5
18

19     *International Union v. Johnson Controls*
       499 U.S. 187 (1991) ............................................................................... 9
20

21     *Levitt v. Yelp! Inc.*
       765 F.3d 1123 (9th Cir. 2014) ............................................................... 6
22

23     *Lujan v. Defenders of Wildlife*
       504 U.S. 555 (1992) ............................................................................... 5
24

25     *McHenry v. Renne*
       84 F.3d 1172 (9th Cir. 1996) ................................................................. 7
26

27     *Medrano v. Kern County Sheriff's Officer*
       921 F.Supp.2d 1009 (E.D. Cal. 2013) ................................................. 12
28

*Sacks v. Office of Foreign Assets Control*
466 F.3d 764 (9th Cir. 2006) ................................................................. 5

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

ii

*Safe Air for Everyone v. Meyer*
  373 F.3d 1035 (9th Cir. 2004) ................................................................. 5

*Sagan v. Apple Computer, Inc.*
  874 F. Supp. 1072 (C.D. Cal. 1994) ........................................................ 7

*Self Directed Placement Corp. v. Control Data Corp.*
  908 F.2d 462 (9th Cir. 1990) ................................................................... 7

*Spokeo, Inc. v. Robins*
  578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ........................... 5, 7

*Whitaker v. Tesla Motors, Inc.*
  985 F.3d 1173 (9th Cir. 2021) ................................................................. 6

**Statutes**

20 U.S.C. § 1681 et seq .......................................................................... 1

California Education Code Title 1 Division 1 Chapter 2 ............................... 11

Education Code § 220 .................................................................... *passim*

Education Code § 221.5(f) ............................................................... 10, 11

**Court Rules**

F.R.C.P. Rule 12(b)(1), Rule 12(b)(6) and Rule 12(e) ................................. 1

FRCP Rule 8(b)(1)(B) ........................................................................... 12

FRCP Rule 8(b)(2) ............................................................................... 12

FRCP Rule 12(b)(1) ............................................................................... 5

FRCP Rule 12(b)(6) ........................................................................... 1, 5

FRCP 12(e) ................................................................................... 2, 6, 7

FRCP Rule 12(e) ................................................................................. 12

Rule 12(b)(1) ................................................................................... 1, 5

Rule 12(b)(6) ....................................................................................... 5

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

iii

1

**Other Authorities**

2

Assembly Bill 1266 ....................................................................................... 2

California Assembly Bill 1266 ................................................................. 2, 12

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

3    Plaintiffs T.S., K.S., and Save Girls' Sports' ("SGS") (T.S., K.S., and SGS

4    collectively "Plaintiffs") First Amended Complaint ("FAC") should be dismissed

5    under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1) as to Plaintiffs' Fifth

6    and Sixth Claims for Relief against the Riverside Unified School District

7    ("District"), Dr. Leann Iacuone ("Iacuone"), and Amanda Chann ("Chann")

8    (District, Iacuone, and Chann hereinafter "Defendants") as Plaintiffs have failed to

9    allege any injury in fact.  Further, Plaintiffs' Fourth and Seventh Claims for Relief

10   should be dismissed pursuant to FRCP Rule 12(b)(6) for failure to state a claim for

11   which relief can be granted as to Plaintiffs' Fourth and Seventh Claims for Relief.

12   Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief each arise under 20

13   U.S.C. section 1681 et seq ("Title IX").  Plaintiffs' Fifth and Sixth claims rely upon

14   the theory that M.L. displaced T.S. on the Martin Luther King High School ("King")

15   girls' varsity cross country team.  Plaintiffs however fail to allege facts sufficient to

16   establish that T.S. suffered any injury in fact as a result of M.L.'s selection to the

17   King girls' varsity cross country team.  Plaintiffs' allegations that T.S. would

18   receive a varsity spot if M.L. were not on the team is purely speculative and

19   unsupported by Plaintiffs' facts as alleged.

20   Plaintiffs' Fourth Claim for Relief, Intentional Discrimination under Title IX,

21   is particularly problematic.  Plaintiffs have alleged no facts to support the

22   conclusion that cross country coaches gave preferential treatment to M.L. based on

23   M.L.'s gender identity or that T.S. and K.S. would have been treated differently but

24   for their sex.  Plaintiffs instead rely solely on conclusory statements which are

25   insufficient to adequately plead Plaintiffs' Fourth Claim for Relief.

26   Plaintiffs' Seventh Claim for Relief for Discrimination on the Basis of Gender

27   under Education Code section 220 is wholly unsupported.  Unlike Title IX, Section

28   220 contains no distinction between sex and gender.  Rather, Education Code

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1

section 220 provides for equal participation based on gender.  Plaintiffs allegations amount can only be read to infer compliance with Education Code section 220.  Further, Plaintiff has failed to plead facts sufficient to state a claim pursuant to Education Code section 220.

In the alternative, Plaintiffs' FAC requires a more definitive statement.  Plaintiffs have failed to clearly allege which defendants are subject to which allegations in Plaintiffs' challenges to Assembly Bill 1266 found in Plaintiffs' Fifth and Sixth Claims for Relief.

## II.    SUMMARY OF RELEVANT FACTS

### A.    Dr. Leann Iacuone and Amanda Chann are Employed by the District at King High School

The District is a school district located in Riverside County, California.  FAC ¶ 25.  The District is responsible for the adoption and implementation of District policies, and is further responsible for ensuring enforcement of District policies.  *Ibid.*  Martin Luther King High School ("King") is a high school maintained and operated by the District.  FAC ¶ 80.

Dr. Iacuone is the Principal at King and is responsible for implementing and enforcing District policies on the King campus.  FAC ¶ 26.  Dr. Iacuone is provided with discretion in the implementation of District policies on an individualized basis.  *Ibid.*  Ms. Chann serves as both the Assistant Principal and Athletic Director at King and is similarly given discretion to implement and enforce District policies.  FAC ¶ 27.  Ms. Chann would run with M.L. when M.L. was able to attend cross country team practices.  FAC ¶ 129.  Ms. Chann is alleged to have made the decision to place M.L. on the girls' cross country team.  FAC ¶ 125.

### B.    Plaintiffs T.S. and K.S. Compete on the King Girls' Cross Country Team

Plaintiff T.S. is an eleventh grade student at King and competes as a member of the King girls' cross country team.  FAC ¶¶ 19, 86.  T.S. has received multiple

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

2

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

accolades while competing as a member of the King girls' cross country team related to her time improvements.  FAC ¶ 87.  T.S. was first designated as a member of the King girls' cross country team in August 2024.  FAC ¶ 90.  However, the varsity top 7 is updated prior to every meet based upon a variety of factors.  FAC ¶ 114.

Plaintiff K.S. is a ninth grade student at King  and similarly competes as a member of the King girls' cross country team.  FAC ¶¶ 18, 82.  Prior to entering high school, K.S. accumulated various accolades in cross country, track and field, volleyball, basketball, and soccer at the middle school level.  FAC ¶¶ 83-85.  K.S. consistently ranked second or third on the King girls' cross country junior varsity team.  FAC ¶ 82.

The 2024 cross country season was K.S.'s first at King, and T.S.'s third season.  FAC ¶¶ 82, 86.  T.S. and K.S. attended every practice during the 2024 cross country season.  FAC ¶¶ 91-92.  T.S. has served in a leadership role as a girls' cross country team captain since August 2024 and is responsible for demonstrating a strong work ethic, upholding a high standard of responsibility, and fostering a positive attitude to inspire and motivate the team.  FAC ¶ 89.

### C.    M.L. Earns Her Way Onto the King Girls' Varsity Cross Country Team for the Prestigious Mt. SAC Invitational

King maintains 4 separate cross country teams: a boys' varsity team, a girls' varsity team, a boys' junior varsity team, and a girls' junior varsity team.  FAC ¶ 96.  The girls' varsity team lineup is typically left to the coaching staff's discretion based on the following criteria: (1) previous race times, (2) practice attendance, (3) "'varsity-level effort' at practice during the week (or specifically a lack of it), (4) attitude, (5) long-term team strategy by the coaching staff, (6) illness/injury, (7) varsity "exposure," and (8) other unforeseen issues.  FAC ¶ 100.  It is also left to the coach's discretion to determine whether consequences shall be employed as a result of multiple missed workouts.  FAC ¶ 102.  Any one of the above factors could

1    warrant selection for the varsity lineup.  *See* FAC Ex. 1, at p. 7.

2        Because King's cross country teams rank in the top 10 of the California

3    Interscholastic Federation Southern Section, Division 1, the girls' team is regularly

4    invited to the annual Mt. SAC Cross Country Invitational ("Mt. SAC Invite").  FAC

5    ¶ 107.  The Mt. SAC Invite is a premier cross-country event and was held on

6    October 25, 2024 and October 26, 2024.  FAC ¶ 108.  The varsity and junior varsity

7    teams compete the Mt. SAC Invite high school division course.  Defendants'

8    Request for Judicial Notice, Ex. A, at p. 1.

9        M.L. transferred to King in June 2024 after being ranked as the top performer

10   on her prior school's girls' cross country team.  FAC ¶¶ 120-121.  Between August

11   2024 and October 2024, Plaintiffs allege that M.L. attended only 13 of the 74

12   scheduled cross country practices.  FAC ¶ 127.  M.L. is alleged to have attended the

13   last 50-60 minutes of the approximately two and a half hour practices.  FAC ¶ 128.

14       On October 19, 2024, M.L. competed as a member of the King girls' cross

15   country team for the first time in the 2024 cross country season.  FAC ¶ 116.  M.L.

16   posted a time of 19:41 on that race day.  *Ibid.*  T.S. also competed on that race day

17   and posted a time of 20:42.  FAC ¶ 117.  On or about October 22, 2024, the girls'

18   varsity lineup for the Mt. SAC Invite was released.  FAC ¶ 118.  T.S. was not

19   included on the varsity lineup and was instead listed under the junior varsity lineup.

20   FAC ¶ 119.  M.L. was listed as a member of the varsity lineup.  FAC ¶ 123.

21       Following the release of the girls' varsity cross country lineup for the Mt.

22   SAC Invite, T.S.'s mother met with Dr. Iacuone, Ms. Chann, and the cross country

23   head coach regarding M.L.'s inclusion in the varsity lineup for the Mt. SAC Invite.

24   FAC ¶ 141.  After the meeting, T.S.'s mother complained of discrimination to the

25   District, acknowledging that M.L. had received accommodations allowing M.L. to

26   compete as a member of the cross country team while attempting to graduate one

27   year early.  FAC ¶¶ 143-144.  The accommodation provided to M.L. allowed M.L.

28   to not attend practices so that M.L. could attend a zero period class, a sixth period

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

4

1  class, and an outside night class.  FAC ¶ 144.

## III.  LEGAL ARGUMENT

### A.  Standard of Review

#### 1.  FRCP Rule 12(b)(1)

Defendants bring this Motion to Dismiss under Rule 12(b)(1) for lack of Article III standing.  To satisfy Article III's standing requirements, plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (applying the standing test from *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A Rule 12(b)(1) motion can be either "facial" or "factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  For a facial attack such as this instant Motion, all allegations are accepted as true.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

#### 2.  FRCP Rule 12(b)(6)

Defendants bring this Motion to Dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.Proc. 12(b)(6).  To survive a motion to dismiss under this rule, a plaintiff must show that he or she has alleged sufficient facts which, if true, would confer upon him or her the relief sought.  *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).  A complaint must provide "factual allegations" that "raise a right to relief above the speculative level" to the "plausible" level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendants' liability" or that a violation is "conceivable."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Twombly*, 550 U.S. at 567).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

5

possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Interpreting *Iqbal* and *Twombly*, the Ninth Circuit employs a two-step approach:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). Additionally, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (internal citations omitted).

"Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted).  And, civil rights litigants are not entitled to a more lenient pleading standard. *Id.* at 1177.  Additionally, "the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading." *Id.* at 1177. Accordingly, a complaint that does not provide the "when, where, in what or by whom" to support conclusory allegations fails to state a claim. *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

   **3.**  **FRCP 12(e)**

6

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

A motion for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure is proper when a complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *See Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). At a minimum, a complaint must present sufficient detail to provide the defendant and the court a fair idea of the legal grounds for recovery. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (litigants and court must be able to determine who is being sued and for what).

**B.   Plaintiffs Fail to State Their Claims Under Title IX**

**1.     Plaintiffs Have Failed to Establish Constitutional Standing as to Plaintiffs Fifth and Sixth Claims for Relief**

Plaintiffs have failed to adequately plead any injury sufficient to confer constitutional standing. To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S., at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.' " *Id.* (quoting *Lujan*, 504 U.S., at 560). "A 'concrete' injury must be 'de facto'; that is, it must actually exist. *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)).

Plaintiffs Fifth and Sixth Claims for Relief against Defendants rely on a purely speculative theory that T.S. would have been selected for a spot on the King girls' varsity cross country team at the Mt. SAC Invite absent M.L.'s inclusion in the pool of girls available for selection. Plaintiffs have not alleged facts sufficient to demonstrate that T.S. was the first athlete left off of King's girls' varsity cross country team for the Mt. SAC Invite. Plaintiffs do however allege that another student, M.K., forfeited her varsity position due to M.L.'s inclusion in the varsity lineup. Plaintiffs do not allege that that King's girls' varsity cross country team

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

7

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1  competed with only 6 members at the Mt. SAC Invite.  Had T.S. been King's next
2  athlete in line to compete in the varsity race, the only reasonable inference which
3  exists is that T.S. would have been the athlete selected to fill the vacated varsity
4  lineup position.  Based upon Plaintiffs' allegations, it must be inferred that another
5  athlete other than T.S. was selected to fill the vacated spot on the girls' varsity
6  lineup, making that student athlete the next athlete that would have suffered alleged
7  harmed rather than T.S.

8      Assuming arguendo that M.L. was selected for the girls' varsity lineup for the
9  Mt. SAC Invite based upon her performance times alone[1], Plaintiffs have also not
10  alleged facts sufficient to demonstrate that T.S.'s running time was at least seventh
11  best among the biological females competing on the girls' cross country team.
12  Accordingly, T.S.'s alleged injury is not only speculative, it is unsupported by the
13  facts plead in Plaintiffs' FAC.  Further, even had T.S. been the next athlete in line,
14  T.S. was able to post a time running the same Mt. SAC Invite course as all athletes
15  competing in the sweepstakes race.  Any harm suffered by T.S. in having to run as a
16  member of the junior varsity team is thus de minimis.

17      As to Plaintiff K.S., Plaintiffs acknowledge that K.S. was consistently
18  between second and third placing on the girls' junior varsity team.  Although
19  Plaintiffs have alleged substantial achievements by K.S. at the middle school level
20  (*see* FAC ¶¶ 83-85), K.S. has not demonstrated harm as a result of M.L.'s selection
21  to the varsity team for the Mt. SAC Invite.  Because T.S. and K.S. have plead no
22  injury and there is no cognizable injury to Plaintiff SGS members, each Plaintiff has
23  failed to meet constitutional standing requirements as to Plaintiffs Fifth and Sixth

24

25  [1] Plaintiffs allege that M.L. transferred from her prior school as the #1 ranking girl,
26  warranting an inference that M.L. satisfied the "varsity exposure" consideration.
Plaintiffs also acknowledge that M.L. was granted accommodations based upon her
27  academic goals, which falls squarely under the catch all "other unforeseen issues"
28  factor listed in the cross country team handbook.

8

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1    Claims for Relief.

2        As plead, Plaintiffs have failed to allege any injury in fact and therefore

3    Plaintiffs' Fifth and Sixth Claims for Relief must be dismissed.

4        **2.    Plaintiffs' Fourth Claim for Relief Fails to Plead Sufficient**

5            **Facts to Support a Finding of Title IX Intentional**

6            **Discrimination**

7        Plaintiffs' Fourth Claim for Relief against Defendants fail as Plaintiffs have

8    not plead plausible facts sufficient to support findings of violations of Title IX.

9    Intentional discrimination occurs when an individual is treated less favorable than

10    others because of their sex. *International Union v. Johnson Controls*, 499 U.S. 187,

11    200 (1991) (the "simple test" for discrimination is "whether the evidence shows

12    treatment of a person in a manner which but for that person's sex would have been

13    different"). Plaintiffs have failed to plead plausible facts sufficient to support

14    Plaintiffs' conclusion that, but for their sex, Plaintiffs would have received different

15    treatment.

16        Although Plaintiffs allege that M.L. was permitted to miss practice time and

17    received one on one coaching from Ms. Chann, Plaintiffs have not plead any facts

18    supporting a nexus between M.L.'s biological sex and the alleged preferential

19    treatment. Plaintiffs do however acknowledge that M.L. was attempting to graduate

20    early and was provided with accommodations to assist M.L. in her academic

21    pursuits. See FAC at ¶ 144. Such accommodations alone would fall under the

22    "other unforeseen issues" factor identified as part of the consideration for varsity

23    selection. Plaintiffs do not allege that either T.S., K.S., or any other SGS member

24    requested any similar academic accommodations, let alone that any such request

25    was denied. Tellingly, Plaintiffs have made no allegations as to whether the boys'

26    team was excused from adherence to the cross country team handbook. Plaintiffs

27    FAC thus fail to exclude the far more plausible conclusion that a school would

28    provide accommodations based upon a student's academic goals, which in turn is

9

1   fatal to Plaintiffs' Fourth Claim for Relief.

2       Plaintiffs' conclusory allegation that M.L. received preferential treatment due

3   to her biological sex is based upon speculation alone and does not satisfy the

4   pleading requirements.  As plead, there is simply no inference that can be drawn

5   linking M.L.'s granted academic-driven accommodations to her biological sex.

6   Thus, Plaintiffs' have failed to sufficiently allege that T.S. and K.S. would have

7   received different treatment but for their sex.  Plaintiff's Fourth Claim for Relief

8   must therefore be dismissed.

9   **C.    Plaintiffs Fail to State a Claim for Violation of Education Code**

10      **Section 220**

11      **1.    Defendants Conduct is Consistent with Education Code**

12          **Section 220**

13      Plaintiff's Seventh Claim for Relief alleges a violation of Education Code

14  section 220.  Education Code section 220 provides in pertinent part that, "No person

15  shall be subjected to discrimination on the basis of … gender, gender identity,

16  gender expression … in any program or activity conducted by an educational

17  institution that receives, or benefits from, state financial assistance, or enrolls pupils

18  who receive state student financial aid."

19      Unlike Title IX, Education Code section 220, the statute under which

20  Plaintiffs brings their Seventh Claim for Relief, requires the District to permit M.L.

21  to participate on the girls' cross country team.  Under the California Education

22  Code, prohibiting M.L. from competing on the girls' cross country team would itself

23  constitute a violation of the California Education Code section 220.  Education Code

24  section 221.5(f) states, "A pupil shall be permitted to participate in sex-segregated

25  school programs and activities, including athletic teams and competitions, and use

26  facilities consistent with his or her gender identity, irrespective of the gender listed

27  on the pupil's records."

28      Plaintiffs' Seventh Claim for Relief appears to stand for the position that by

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

10

1  complying with Education Code section 221.5(f), Defendants have violated

2  Education Code section 220.  Plaintiffs' position is at odds with the California

3  legislatures formulation of Chapter 2 of Division 1 of Title 1 of the California

4  Education Code.  Had the legislature intended for the inclusion of transgender

5  students to be prohibited discrimination under Education Code section 220, it would

6  not have expressly required California school districts to engage in the very same

7  discrimination.

8        Accordingly, Plaintiffs' Seventh Claim for Relief should be dismissed on

9  these grounds alone.

## 2.    Plaintiffs' Allegations do not Support a Claim for Violation of Education Code Section 220

12        To prevail on an Education Code section 220 claim, Plaintiffs  must show

13  that: (1) they suffered "severe, pervasive, and offensive harassment" that

14  "effectively deprived plaintiff of the right to equal access to educational benefits and

15  opportunities";  (2) the school district had "actual knowledge" of the harassment;

16  and  (3) the school district acted with "deliberate indifference." *Donovan v. Poway*

17  *Unified Sch. Dist.,* 167 Cal. App. 4th 567, 579 (2008).

18        Deliberate indifference means that the defendant's response to the alleged

19  harassment or lack of response was clearly unreasonable in light of all the known

20  circumstances. *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 609,

21  (2008).) A response by the Defendant that is merely inept, erroneous, ineffective, or

22  negligent does not amount to deliberate indifference. *Id.*  "[A] failure to act must be

23  a result of conduct that is more than negligent, and involves an element of

24  deliberateness." *C.C. v. Paradise High Sch.*, No. 216CV02210KJMDMC, 2019 WL

25  6130439, at 7 (E.D. Cal. Nov. 19, 2019), citing *Duvall v. Cty. of Kitsap*, 260 F.3d

26  1124, 1139 (9th Cir. 2001).

27        As currently pled, Plaintiff's FAC lacks sufficient factual basis to establish a

28  cause of action for a violation of Education Code section 220.  Plaintiffs fail to

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

11

1  allege facts sufficient to establish that Defendants acted with deliberate indifference.

2  Rather, as stated above, Defendants acted in complete compliance with the

3  California Education Code.  As such, Plaintiffs' Seventh Claim for Relief is subject

4  to dismissal.

5      **D.    Plaintiffs' FAC Requires a More Definite Statement**

6      In the event that the Court does not sustain a motion to dismiss the Complaint,

7  the Court should sustain a motion for a more definite statement under FRCP Rule

8  12(e).

9      In general, a defendant must "admit or deny the allegations asserted against it

10  by an opposing party."  FRCP Rule 8(b)(1)(B).  "A denial must fairly respond to the

11  substance of the allegation."  FRCP Rule 8(b)(2).  A party may move for a more

12  definite statement where a complaint "is so vague or ambiguous that the party

13  cannot reasonably prepare a response."  FRCP Rule 12(e).  A court may sustain the

14  motion when the complaint "is so indefinite that the defendant cannot ascertain the

15  nature of the claim being asserted in order to frame a response.  *Medrano v. Kern*

16  *County Sheriff's Officer*, 921 F.Supp.2d 1009, 1013 (E.D. Cal. 2013).

17      Here, Defendants are unable to admit or deny the allegations in Plaintiffs'

18  FAC because Defendants cannot reasonably determine which allegations are raised

19  against which Defendants, and by which Plaintiffs.  Plaintiffs Fifth and Sixth Claims

20  for Relief raise challenges against California Assembly Bill 1266 and purports to

21  assert these challenges against every named defendant, including the District, Dr.

22  Iacuone, and Ms. Chann.  The very nature of these claims makes it unclear whether

23  Defendants are required to respond to each allegation which would otherwise appear

24  to be raised against the remaining defendants in this litigation matter.  Irrespective

25  of whether the Court dismisses Plaintiff's Fourth through Seventh Claims for Relief,

26  the Court should order a more definite statement so that Defendants may better

27  respond to Plaintiffs' FAC and understand the rights and defenses available to each

28  Defendant.

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT

## IV.     CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to Dismiss.  If the Court does not sustain the motion to dismiss, it should nevertheless sustain a motion for a more definite statement so that Moving Defendants can be on notice of the allegations against them and defenses available.

DATED:  February 28, 2025                    FAGEN FRIEDMAN & FULFROST, LLP


By:  _____
Milton E. Foster III
Attorneys for RIVERSIDE UNIFIED SCHOOL
DISTRICT, AMANDA CHANN, and LEANN
IACUONE

190-115/7211833.1

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# PROOF OF SERVICE

**T.S. and K.S. v. Riverside Unified School District, et al.**
**Case No. 5:24-cv-02480-SSS (SPx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Riverside, State of California.  My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On February 28, 2025, I served true copies of the following document(s) described as **DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT** on the interested parties in this action as follows:

Robert Tyler                                        Attorneys for Plaintiffs T.S. and K.S.
Julianne Fleischer
ADVOCATES FOR FAITH & FREEDOM
25026 Las Brisas Road
Murrieta, CA 92562
Telephone: (951) 600-2733
btyler@faith-freedom.com
jfleischer@faith-freedom.com

⊠      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address lspencer@f3law.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

⊠      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 28, 2025, at Corona, California.

_____
Lisa Spencer

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR A MORE DEFINITE STATEMENT