**[Exempt From Filing Fee Government Code § 6103]**

FAGEN FRIEDMAN & FULFROST, LLP
Milton E. Foster III, SBN 250357
mfoster@f3law.com
Nathaniel Rosilez, SBN 339229
nrosilez@f3law.com
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Phone: 951.215.4900
Fax: 951.215.4911

Attorneys for RIVERSIDE UNIFIED SCHOOL DISTRICT, AMANDA CHANN, and LEANN IACUONE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SAVE GIRLS' SPORTS, an unincorporated California association; T.S., a minor by and through her father and natural guardian, RYAN STARLING, individually, and on behalf of all others similarly situated; and K.S., a minor by and through her father and mother and natural guardians, DANIEL SLAVIN and CYNTHIA SLAVIN, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TONY THURMOND, in his official capacity as State Superintendent of Public Instruction; ROB BONTA, in his official capacity as State Attorney General; RIVERSIDE UNIFIED SCHOOL DISTRICT; LEANN IACUONE, Principal of Martin Luther King High School, in her personal and official capacity; and AMANDA CHANN, Assistant Principal and Athletic Director of Martin Luther King High School, in her personal and official capacity,<br><br>Defendants. | CASE NO. 5:24-cv-02480-SSS (SPx)<br><br>The Hon. Sunshine Suzanne Sykes<br><br>**DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S NOTICE OF MOTION AND MOTION FOR RECUSAL OF JUDGE SYKES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECUSAL OF JUDGE SYKES**<br><br>[*Filed concurrently with Declarations of Milton E. Foster, III and Nathaniel B. Rosilez; and [Proposed] Order*]<br><br>DATE: June 13, 2025<br>TIME: 2:00 p.m.<br>DEPT: 2<br><br>Trial Date:        None Set |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 13, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard via Zoom in the courtroom of the Honorable Sunshine Suzanne Sykes, located in the United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501, Defendants Riverside Unified School District ("District"), Dr. Leann Iacuone ("Iacuone"), and Amanda Chann ("Chann") (the District, Iacuone, and Chann collectively hereinafter "Defendants") will and hereby do move this Court for recusal of the Honorable United States District Court Judge Sunshine Suzanne Sykes in this action.

This Motion is made pursuant to 28 U.S.C. § 455(a), which provides that a federal judge must recuse herself "in any proceeding in which his (or her) impartiality might reasonably be questioned." *See also United States v. Anderson*, 160 F.3d 231, 233-234 (5th Cir. 1998). This Motion is further made pursuant to 28 U.S.C. § 455(b), which requires a judge to recuse herself where "[she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities; the Declaration of Milton E. Foster, III filed concurrently herewith; the Declaration of Nathaniel B. Rosilez filed concurrently herewith; all pleadings, records and files herein; and upon such other and further matters as may be presented in connection with this Motion.

/ / /
/ / /
/ / /
/ / /

1  DATED: May 16, 2025                FAGEN FRIEDMAN & FULFROST, LLP

By: /s/ Milton E. Foster III
Milton E. Foster III
Attorneys for RIVERSIDE UNIFIED SCHOOL DISTRICT, AMANDA CHANN, and LEANN IACUONE

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Motion is made pursuant to 28 U.S.C. § 455(a), which provides that a federal judge must recuse herself "in any proceeding in which his (or her) impartiality might reasonably be questioned." *See also United States v. Anderson*, 160 F.3d 231, 233-234 (5th Cir. 1998). This Motion is further made pursuant to 28 U.S.C. § 455(b)(4), which requires a judge to recuse herself where "[she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

The District has become aware that Judge Sykes sits as the co-chair of the District's Native American Parent Advisory Council ("NAPAC") and has, on occasion, presented to the District's governing Board of Education ("Board") on behalf of NAPAC and other similarly situated parent groups. In doing so, Judge Sykes was exposed to the personal account of the District student identified as Student M.L. in Plaintiff's First Amended Complaint for damages. Further, the District is aware that NAPAC requests and relies on the use of District resources and facilities to help it carry out its mission and various programs it puts on.

While Defendants and counsel greatly respect Judge Sykes, a reasonable person or entity may question Judge Sykes' ability to be impartial under all of the circumstances of this case. Moreover, "counsel for a party who believes a judge's impartiality is reasonably subject to question has not only a professional duty to the client to raise the matter, but an independent responsibility as an officer of the court..." *In re Bernard*, 31 F.3d 842, 847 (9th Cir. 1994). In light of the upcoming hearing on Defendants' pending dispositive motion, good cause exists to grant the relief requested herein.

/ / /

## II. FACTUAL BACKGROUND

On or about November 20, 2024, Plaintiffs T.S. and K.S. filed a verified complaint for deprivation of the freedom of speech, violation of the due process clause, and violation of Title IX.  Declaration of Milton E. Foster, III ("Foster Decl.") at ¶ 2.  Following an extensive meet and confer process, Plaintiffs T.S., K.S., and Save Girls' Sports (collectively "Plaintiffs") filed a First Amended Complaint ("FAC") on January 31, 2025, alleging claims for deprivation of the freedom of speech – facial, deprivation of the freedom of speech – as applied, violation of the due process clause, violatoin of Title IX – sex discrimination, violation of Title IX – effective accommodatoin, violatoin of Title IX – equal treatment; and violation of Education Code section 220.  Foster Decl. at ¶ 3.  Plaintiffs's FAC alleges in part that Plaintiffs were harmed due to the District allowing Student M.L., a transgender girl, to participate on the girls' cross country team, consistent with Student M.L.'s gender identity.  Foster Decl. at ¶ 3.  Plaintiffs further allege that the District violated their freedom of speech when the District restricted Plaintiffs from wearing shirts that targeted Student M.L.'s gender identity. Foster Decl. at ¶ 3.

Shortly thereafter, at a regularly scheduled meeting of the District's Board on February 6, 2025, Judge Sykes presented before the District Board to provide a report on the NAPAC as well as on behalf of the District African American Parent Advisory Council, La Comunidad Latina de Riverside, and Somos Dual Language Immersion.  Foster Decl. at ¶¶ 4-5.  At that Board meeting, the District student identified as Student M.L., as well as another student and an individual identified as "Jennifer", spoke out against the targeting of the transgender community at the District's Martin Luther King High School ("King").  Foster Decl. at ¶ 6.  Student M.L. and the other individuals specifically discussed Student M.L.'s participation on the King girls' cross country team and the wearing of the t-shirts underlying Plaintiffs' freedom of speech claims.  Foster Decl. at ¶ 6.

On May 7, 2025, counsel for Defendants separately contacted Plaintiffs' counsel as well as counsel for Rob Bonta and Tony Thurmond (Rob Bonta and Tony Thurmond collectively "State Defendants") via email requesting to schedule a telephonic conference to discuss Defendants' intent to request that Judge Sykes be recused from hearing this matter.  Declaration of Nathaniel B. Rosilez ("Rosilez Decl.") at ¶¶ 2-3.  On May 7, 2025, counsel for Defendants spoke with Plaintiffs' counsel via telephone notifying them of the grounds upon which Defendants bring would request the recusal of Judge Sykes.  Rosilez Decl. at ¶ 2.  On May 8, 2025, counsel for Defendants spoke with counsel State Defendants via telephone notifying them of the grounds upon which Defendants would request the recusal of Judge Sykes.  Rosilez Decl. at ¶ 4.  Neither Plaintiffs nor State Defendants could indicate whether they would join Defendants or oppose the request for recusal.  Rosilez Decl. at ¶ 5.  Defendants have thereby complied with the requirement of L.R. 7-3, and this motion is made following conferences of counsel pursuant to L.R. 7-3 which took place on May 7, 2025 and May 8, 2025.

### III. RECUSAL OF JUDGE SYKES IS APPROPRIATE UNDER THE CIRCUMSTANCES OF THIS CASE

**A. Recusal Of Judge Sykes Is Appropriate Pursuant To 28 U.S.C. Section 455(a).**

Under 28 U.S.C. Section 455(a), a federal judge must recuse herself "in any proceeding in which his (or her) impartiality might reasonably be questioned."  In *United States v. Anderson*, the United Stated Court of Appeals for the Fifth Circuit held:

> This Circuit has recognized that each section 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances rather than by comparison to similar situations considered in prior jurisprudence. *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).  The party seeking recusal must demonstrate that, if a

> reasonable person knew of all of the circumstances, they would harbor doubts about the judge's impartiality. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). Thus, if a judge concludes that his impartiality might be reasonably questioned, then he should find that the statute requires his recusal. *In re Faulkner*, 856 F.2d 716, 721 (5th Cir.1988) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)). The goal of section 455(a) is to avoid even the appearance of partiality. Liljeberg, 486 U.S. at 860.... This Court recognizes that it is essential to avoid even the appearance of impropriety because it is as important in developing the public confidence in our judicial system as avoiding the impropriety itself. *Jordan*, 49 F.3d at 155-56.

*Anderson*, 160 F.3d at 233-234. Importantly, the appearance of partiality requires recusal "even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible." *Liljeberg*, 486 U.S. at 860.

In this case, a reasonable person is likely to question the ability of Judge Sykes to be completely impartial in this matter. Judge Sykes admirably sits as a co-chair of NAPAC, a District parent advisory group whose mission it is "to ensure that Native American students receive equitable support, thrive academically, and celebrate their cultural heritage within the educational system." NAPAC itself relies in part on the use of District facilities and resources to provide services to the District's Native American students. Although neither Defendants nor counsel believe that Judge Sykes would base any of her rulings on the continued allocation of District funds to NAPAC or the continued use of District facilities by NAPAC, it would not be unreasonable for an outside party to, either innocently or maliciously, misrepresent the Court's ruling as less than impartial.

This is especially true in a matter that has garnered national attention such as

this. Both Plaintiffs T.S. and K.S., as well as their counsel, have previously appeared on national television to discuss the case at hand. It cannot be denied that transgender inclusion in athletics currently holds national attention, being the main focus of multiple executive orders issued by incumbent President Donald Trump and relied upon by Plaintiffs' in their response to the defendants collective motions to dismiss. *See* Plaintiff's Opposition to Riverside Unified School District's, Leann Iacuone, and Amanda Chann's Motion to Dismiss at pp. 1, 17; Plaintiff's Opposition to Defendant Tony Thurmond's and Rob Bonta's Motion to Dismiss at pp. 1, 17. Regardless of which way this Court would rule on motions filed by the Parties, the impartiality of Judge Sykes may be questioned by those that oppose or support transgender inclusion in athletic teams consistent with their gender identity. Moreover, Judge Sykes continued handling of this matter potentially places the District in a challenging position. When contemplating requests from NAPAC, the District may be faced with questions about any impact or import the case may have on the District's response to requests for aide. The District should not be placed in such a position.

  Notably, as discussed above, there have been instances where the facts of the case have been directly discussed at board meetings by plaintiffs, persons involved and/or potential witnesses or others, where Judge Sykes has previously attended. Such information would ordinarily only come before the Court via declaration or sworn testimony, none of which can be required at a Board meeting. Recusal would seem appropriate to allow Judge Sykes to continue attending Board meetings and representing the interests of NAPAC, without concern that case specific statements and information would be provided outside of the judicial setting.

  Given the previously established relationship between the District and Judge Sykes, recusal should not be a "close call" under the facts of this case. However, even if it were, the use of the word "might" in Section 455(a) makes it clear that a judge should decide "close calls" in favor of removing himself or herself from a

case. *New York City Housing Development Cor. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986); *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001) (holding that "[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal"). Therefore, Defendants' position is that Judge Sykes should consider recusal to avoid even the appearance of impartiality.

### B. Recusal Is Appropriate Pursuant To 28 U.S.C. Section 455(b).

28 U.S.C. § 455(b)(4) requires a judge to recuse herself where "[she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

Judge Sykes, by way of her position as the co-chair of the NAPAC, arguably has a vested interest that could be substantially affected by the outcome of the proceeding. District resources are a finite resource: for every dollar spent in litigation or on any award that may be granted to Plaintiff, one less dollar is available to support Native American students, and others ability to thrive academically and celebrate their cultural heritage within the educational system. It is highly unusual for a judge to serve in a leadership role for a district-centered special interest group that seeks (and relies on) aide and assistance from the district to concurrently preside over a litigated matter against the same district. Judge Sykes position and interest in the District's NAPAC and the continued use of District resources therefore also provides sufficient grounds for recusal.

### C. This Motion Is Timely And Not Brought For The Purposes Of Delay Or Any Other Improper Purpose.

Defendants bring this motion prior to any substantial judicial involvement in this matter. To date, the pleadings remain unsettled and Judge Sykes has not issued any rulings on any of the motions to dismiss filed by all defendants in this matter. Defendants do not seek to impugn the integrity of Judge Sykes by way of this

motion. Rather, Defendants bring this motion based solely on the desire to have this matter determined by a judge whose impartiality would not reasonably be subject to doubt in light of Judge Sykes's preexisting relationship with the District.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that Judge Sykes recuse herself in this action. Defendants further requests that this matter be assigned to a judicial officer with no connection to any party that would cause a reasonable person to question the impartiality of the assigned judge. Alternatively, the matter could be assigned to a judge in a different branch of the United States District Court for the Eastern District of California.

DATED: May 16, 2025                FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton E. Foster III
Attorneys for RIVERSIDE UNIFIED SCHOOL DISTRICT, AMANDA CHANN, and LEANN IACUONE

190-115/7282787.1

# PROOF OF SERVICE

**T.S. and K.S. v. Riverside Unified School District, et al.**
**Case No. 5:24-cv-02480-SSS (SPx)**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On May 16, 2025, I served true copies of the following document(s) described as **DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S NOTICE OF MOTION AND MOTION FOR RECUSAL OF JUDGE SYKES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECUSAL OF JUDGE SYKES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2025, at Corona, California.

Sara Rosas

**SERVICE LIST**
**T.S. and K.S. v. Riverside Unified School District, et al.**
**Case No. 5:24-cv-02480-SSS (SPx)**

| | |
|---|---|
| Robert Tyler<br>Julianne Fleischer<br>ADVOCATES FOR FAITH & FREEDOM<br>25026 Las Brisas Road<br>Murrieta, CA 92562<br>Telephone: (951) 600-2733<br>btyler@faith-freedom.com<br>ifleischer@faith-freedom.com | Attorneys for Plaintiffs T.S. and K.S. |
| Rob Bonta<br>Darrell W. Spence<br>Stacey L. Leask<br>Katherine J. Grainger<br>Truman S. Braslaw<br>OFFICE OF THE ATTORNEY GENERAL<br>455 Golden Gate Ave., Ste. 11000<br>San Francisco, CA 94102<br>Telephone: (415) 510-3524<br>Facsimile: (415) 703-5480<br>Stacey.leask@doj.ca.gov | Attorneys for Defendants, State Superintendent of Public Instruction Tony Thurmond and Attorney General Rob Bonta |

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

12
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECUSAL OF JUDGE SYKES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECUSAL OF JUDGE SYKES