| | |
|---|---|
| 1 | ADVOCATES FOR FAITH & FREEDOM |
| 2 | Robert H. Tyler (SBN 179572)<br>btyler@faith-freedom.com |
| 3 | Julianne Fleischer (SBN 337006) |
| 4 | jfleischer@faith-freedom.com<br>25026 Las Brisas Road |
| 5 | Murrieta, California 92562<br>Telephone: (951) 304-7583 |
| 6 | |
| 7 | Attorneys for Plaintiffs |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVE GIRLS' SPORTS, an unincorporated California association; T.S., a minor by and through her father and natural guardian, RYAN STARLING, individually, and on behalf of all others similarly situated; and K.S., a minor by and through her father and mother and natural guardians, DANIEL SLAVIN and CYNTHIA SLAVIN, individually, and on behalf of all others similarly situated;<br><br>           Plaintiffs,<br><br>  v.<br><br>TONY THURMOND, in his official capacity as State Superintendent of Public Instruction; ROB BONTA, in his official capacity as State Attorney General; RIVERSIDE UNIFIED SCHOOL DISTRICT; LEANN IACUONE, Principal of Martin Luther King High School, in her personal and official capacity; and AMANDA CHANN, Assistant Principal and Athletic Director of Martin Luther King High School, in her personal and official capacity;<br><br>           Defendants. | Case No.: 5:24-cv-02480 SSS (SPx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECUSAL OF JUDGE SYKES**<br><br>Date:  June 13, 2025<br>Time:  2:00 p.m.<br>Dept:  Courtroom 2<br>Judge:  Honorable Sunshine Sykes |

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECUSAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Riverside Unified School District ("District"), Leann Iacuone, and Amanda Chann (collectively, "School Defendants") move for the recusal of the Honorable Sunshine Suzanne Sykes under 28 U.S.C. § 455(a) and § 455(b)(4), citing her role as co-chair of the Native American Parent Advisory Council ("NAPAC") and her attendance at a District Board meeting. *See* Deft's Mot., p. 4. Recusal is unwarranted because School Defendants fail to prove that a reasonable person would question Judge Sykes' impartiality or that she has a substantial interest affected by this case. *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (recognizing that a party being a "hypersensitive or unduly suspicious person" is not ground for recusal of a judge)). The motion is speculative, untimely, and appears intended to delay the proceedings. The Court should deny the Motion.

## II. RELEVANT PROCEDURAL HISTORY

On January 31, 2025, Plaintiffs T.S., K.S., and Save Girls' Sports (collectively, "Plaintiffs") filed their First Amended Complaint ("FAC"), alleging violations of free speech, due process, and Title IX based on the District's policies permitting a biological male student, M.L., to participate on the girls' cross-country team and restricting Plaintiffs' expressive conduct. *See* ECF No. 28. On February 28, 2025, School Defendants filed a motion to dismiss (ECF No. 37), which Plaintiffs opposed on March 7, 2025 (ECF No. 38). On March 28, 2025, Defendants Tony Thurmond and Rob Bonta (collectively, "State Defendants") filed a motion to dismiss (ECF No. 41), which Plaintiffs opposed on April 25, 2025 (ECF No. 46). The Court set the hearings for both motions to dismiss for May 16, 2025. *See* ECF No. 45.

On March 25, 2025, School Defendants emailed the Court's Courtroom Deputy to raise the facts underlying their current Motion. *See* ECF No. 50. The Courtroom Deputy replied to School Defendants: "If the court wishes to communicate with the

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECUSAL

parties, it will formally issue written rulings and orders. In the future, please refrain from communicating via email on such matters with the court, as the court considers it to be improper. All parties should be aware that any further improper communication may result in an OSC." *Id.*, p. 2. On May 7, 2025, School Defendants' counsel contacted Plaintiffs' counsel notifying them of the grounds upon which School Defendants would be bringing an *ex parte* application requesting the recusal of Judge Sykes. Deft's Mot., p. 6. On May 9, 2025, one week before the hearing on Defendants' motions to dismiss, School Defendants filed an *ex parte* application for the recusal of Judge Sykes. *See* ECF No. 49. On May 12, 2025, the Court issued an order denying School Defendants' *ex parte* application; instructed School Defendants to file a regularly noticed motion before the hearing of any substantive motions; and continued the hearing on both motions to dismiss to June 20, 2025. *See* ECF No. 50. On May 16, 2025, School Defendants filed the instant Motion. *See* ECF No. 51. School Defendants contend that Judge Sykes' role as NAPAC co-chair and her presence at a February 6, 2025, District Board meeting, where Student M.L. attended and spoke, create an appearance of impartiality or a financial interest requiring recusal. Deft's Mot., pp. 5-6.

### III. ARGUMENT

A.   **Legal Standard**

School Defendants seek to disqualify Judge Sykes pursuant to 28 U.S.C. § 455(a), which states that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" and 28 U.S.C. § 455(b)(4), which states that a judge shall disqualify herself if "[she] knows that [she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Under Ninth Circuit law, the recusal analysis "begin[s] with the general proposition that, in the absence of a legitimate reason to recuse [herself], 'a judge

should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)).

Importantly, federal judges are presumed to be impartial. *See, e.g.*, *Konarski v. City of Tucson*, 716 F. App'x 609, 611 (9th Cir. 2017). Thus, far from imposing only a de minimis standard for recusal, under Section 455(a), "the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger* ("Perry I"), 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) (internal quotations and citation omitted); *United States v. Bell*, 79 F. Supp. 2d 1169, 1171 (E.D. Cal. 1999); *cf. United States v. Trump*, 694 F. Supp. 3d 144, 149 (D.D.C. 2023) (party seeking recusal bears burden by clear and convincing evidence). Under Section 455(a), courts examine "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Holland*, 519 F.3d at 913 (internal quotations and citation omitted); *see also, e.g.*, *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (same). A reasonable person in this context "is not a 'partly informed man-in-the-street,' but rather someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 914 (quoting *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir. 2007)). The "'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens*, 428 F.3d at 1178 (quoting *Matter of Mason*, 916 F.2d at 386); *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) ("Recusal cannot be based on unsupported, irrational or highly tenuous speculation.") (internal quotations and citation omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cano v. Biden*, No. 22-CV-193-CAB-AHG, 2022 WL 1239861, at *2 (S.D. Cal. Apr. 27, 2022) (internal quotations and citation omitted); *cf. United States v. Nixon*, 267 F. Supp. 3d 140, 148 (D.D.C. 2017) (noting

that courts are "not" to use "the standard of mere suspicion" on recusal motions) (emphasis in original) (internal quotations and citation omitted).

Moreover, a judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal." *Garity v. Donahoe*, No. 2:11-CV-01805-RFB-CW, 2014 WL 4354115, at *2 (D. Nev. Sept. 3, 2014). Otherwise, "it would be too easy for those who seek judges favorable to their case to disqualify those that they perceive to be unsympathetic merely by publicly questioning their impartiality." *Perry v. Schwarzenegger*, 630 F.3d 909, 916 (9th Cir. 2011) ("Perry II") (Reinhardt, J.) (denying motion to recuse). *See also Matter of Mason*, 916 F.2d at 386 (noting that "putting disqualification in the hands of a party, whose real fear may be that the judge will *apply* rather than disregard the law, could introduce a bias into adjudication.") (emphasis in original); *Trump*, 694 F. Supp. 3d at 150 (noting that in the wrong hands, "a disqualification motion is a procedural weapon" raising multiple risks, including that of "judge shopping") (internal quotations and citations omitted); *Trump v. Clinton*, 599 F. Supp. 3d 1247, 1249 (S.D. Fla. 2022) ("In the real world, recusal motions are sometimes driven more by litigation strategies than by ethical concerns.") (internal quotations and citation omitted). Indeed, a judge "has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Clemens*, 428 F.3d at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)); *see also Cano*, 2022 WL 1239861, at *2. A court's decision on a motion to recuse is reviewed for abuse of discretion. *See Yagman*, 987 F.2d at 626; *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

**B.  School Defendants Present Nothing to Suggest That a Reasonable Person Would Question Judge Sykes' Partiality**

School Defendants bear the burden of demonstrating that a reasonable person, fully informed of all the relevant facts, would question the judge's ability to remain fair and neutral. However, their arguments fall short of this standard. The mere assertion of bias, unsupported by objective evidence or specific allegations that raise

a genuine concern about partiality, is insufficient to warrant recusal. As discussed below, the School Defendants fail to present any facts or circumstances that would lead a reasonable observer to doubt Judge Sykes' impartiality in this matter.

First, Judge Sykes' role as NAPAC co-chair does not create an appearance of partiality. While School Defendants do not cite to any source, they assert that the mission of NAPAC is "to ensure that Native American students receive equitable support, thrive academically, and celebrate their cultural heritage within the educational system." Deft's Mot., p. 7. Based upon this mission, it appears that NAPAC focuses on supporting Native American students' academic and cultural needs, which is unrelated to this case's issues of transgender participation in athletics and student expression. School Defendants do not allege that Plaintiffs are NAPAC members and provide no evidence that Judge Sykes' NAPAC activities involve advocacy on the District's athletic or speech policies. Courts have recognized that a judge's community involvement or affiliations do not necessitate recusal. *Perry II*, 630 F.3d at 915-16 (holding that a judge was not required to recuse himself from a case challenging a state constitutional amendment restricting valid marriage as one between a man and a woman despite his wife's position as the executive director of the American Civil Liberties Union of Southern California); *In re Complaint of Jud. Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016) (holding that a judge's service as an emeritus board member of an organization did not necessitate recusal, as the connection was too attenuated); *Harris v. Board of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll. ex rel. LSU Health Sci. Ctr. Shreveport*, 409 F. App'x 725, 728 (5th Cir. 2010) (holding that the judge's membership on the alumni board of trustees for a state university law center did not require recusal in an employment action where the law center was not a party to the action, and the affiliation would not cause a reasonable person, knowing all the circumstances, to harbor doubts about the judge's impartiality); *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 89 (D.D.C. 2011), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014) (holding that a judge's past

membership in organizations that advocate for positions advanced by a party does not necessarily require recusal for lack of impartiality).

Here, NAPAC is neither a party to the action nor have School Defendants presented any evidence that any of the claims underlying the action impact NAPAC. Interestingly, School Defendants acknowledge that neither they nor their counsel "believe that Judge Sykes would base any of her rulings on the continued allocation of District funds to NAPAC or the continued use of District facilities by NAPAC." Deft's Mot., p. 7. However, they fail to reconcile this admission with their claim that a "reasonable" person would nonetheless question Judge Sykes' impartiality. If they do not question her impartiality themselves, why would a reasonable observer be expected to do so? *See Holland*, 519 F.3d at 914 (A reasonable person in this context "is not a 'partly informed man-in-the-street,' but rather someone who 'understand[s] all the relevant facts' and has examined the record and the law.").

Second, Judge Sykes' attendance at the February 6, 2025, Board meeting does not warrant recusal. Deft's Mot., p. 8. School Defendants allege that Student M.L. and others discussed case-related issues, but they offer no evidence that Judge Sykes actively engaged with these statements or formed extrajudicial opinions. An extrajudicial source of bias is required, such as personal involvement or statements indicating prejudice, to justify recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). School board sessions are public meetings open to all, including members of the judiciary. Even if Judge Sykes were not affiliated with NAPAC, she would still be entitled to attend and participate in these sessions, gaining access to the same publicly available information regardless of her membership status. *See* Cal. Educ. Code § 35145.5; Cal. Gov't Code § 54954.3; *see also* Riverside Unified School District Bylaw 9323: "Meeting Conduct" ("Members of the public are encouraged to attend Board meetings . . .. So as not to inhibit public participation, persons attending Board meetings should not be required to sign in, complete a questionnaire, or otherwise provide their name or other

1  information as a condition of attending the meeting."). Judge Sykes' presence during
2  M.L.'s remarks or any other persons' remarks regarding this case would not cause a
3  reasonable person to harbor doubts about the judge's impartiality. Even so, courts are
4  expected to base their decisions solely on the record and the evidence presented.
5  *United States v. Bonas*, 344 F.3d 945, 948 (9th Cir. 2003) ("[I]f the district court
6  exercises discretion based on facts outside the record, that alone may constitute an
7  abuse of discretion."). Defendants have not identified any instance in which Judge
8  Sykes has relied, or is expected to rely, on evidence not properly before this Court.

9  Third, School Defendants' argument that the case's national attention heightens
10 the need for recusal is baseless. *See* Deft's Mot., pp. 7-8. The controversial nature of
11 transgender inclusion in athletics does not inherently implicate Judge Sykes'
12 impartiality, and School Defendants' reliance on speculative public misperceptions
13 fails to meet the objective standard under § 455(a).

14 Fourth, School Defendants' claim that Judge Sykes has an interest under §
15 455(b)(4) is unsupported. Deft's Mot., p. 9. They speculate that litigation costs or
16 potential awards could reduce District resources available to NAPAC, but this is too
17 attenuated to constitute a "substantial" interest. The Ninth Circuit requires direct and
18 tangible interest affected by the case's outcome. *United States v. Rogers*, 119 F.3d
19 1377, 1384 (9th Cir. 1997) (holding that recusal was unwarranted for judge's stock
20 ownership in a company indirectly affected by litigation). NAPAC's use of District
21 resources is a general operational matter, not a personal financial stake for Judge
22 Sykes. School Defendants provide no evidence that she derives personal benefit from
23 NAPAC's resources or that the case's outcome would materially impact NAPAC's
24 activities, rendering their argument speculative and insufficient.

25 Finally, School Defendants' Motion is untimely and appears to be a tactic to
26 delay the proceedings. Defendants offer no reasonable justification for waiting over
27 three months to file their recusal motion—doing so just one week before the scheduled
28 hearing on the motions to dismiss. They had ample opportunity to raise this issue

earlier but instead chose to delay until shortly before a critical hearing. Such conduct is improper and suggests an intent to unnecessarily prolong the litigation.

## IV. CONCLUSION

School Defendants have not met their burden to show that Judge Sykes' impartiality might reasonably be questioned under 28 U.S.C. § 455(a) or that she has a substantial interest under § 455(b)(4). Her NAPAC role and Board meeting attendance are unrelated to this case and do not create an appearance of bias or a tangible interest. Plaintiffs respectfully request that the Court deny School Defendants' motion for recusal.

DATED: May 23, 2025                ADVOCATES FOR FAITH & FREEDOM

By: /s/ Julianne Fleischer
Julianne Fleischer, Esq.
Attorneys for Plaintiffs