ROB BONTA
Attorney General of California
DARRELL W. SPENCE (SBN 248011)
Supervising Deputy Attorney General
STACEY L. LEASK (SBN 233281)
KATHERINE J. GRAINGER (SBN 333901)
TRUMAN S. BRASLAW (SBN 356566)
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3870
 Fax:  (415) 703-5480
 E-mail:  Stacey.Leask@doj.ca.gov
*Attorneys for Defendants State Superintendent of Public Instruction Tony Thurmond and Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.S., et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>RIVERSIDE UNIFIED SCHOOL DISTRICT, et al.<br><br>           Defendants. | 5:24-cv-02480-SSS (SPx)<br><br>**STATE DEFENDANTS' RESPONSE TO SCHOOL DEFENDANTS' MOTION FOR RECUSAL**<br><br>Date:            June 13, 2025<br>Time:            2:00 p.m.<br>Courtroom:   2<br>Judge:           The Honorable Sunshine Suzanne Sykes<br>Trial Date:    Not Set<br>Action Filed: November 20, 2024 |

# INTRODUCTION

Defendants Tony Thurmond, in his official capacity as the State Superintendent of Public Instruction, and Rob Bonta, in his official capacity as the California Attorney General (State Defendants), provide the following response to Defendants Riverside Unified School District (District), Leann Iacuone, and Amanda Chann's (School Defendants) Motion for Recusal of the Honorable Judge Sunshine Suzanne Sykes from the action (Motion).[1]

# FACTUAL BACKGROUND

## I. THE SCHOOL DEFENDANTS PURPORTED BASIS FOR THEIR MOTION

The basis for School Defendants' Motion is that Judge Sykes is allegedly the co-chair of the District's Native American Parent Advisory Council (NAPAC). ECF No. 50 at 4:12-13. According to the Motion, Judge Sykes presented before the District's Board of Education (Board) on behalf of NAPAC on February 6, 2025, the same meeting where student M.L. (who is not a party to this lawsuit) subsequently presented before the Board. *Id*. at 5:18-28. School Defendants postulate that Judge Sykes' rulings in this case may have the appearance of being impacted by the District's decisions regarding NAPAC requests for funding or use of District resources or facilities. *Id*. at 7:17-27.

On March 25, 2025, an office manager from the District contacted the Court by email, raising the District's concerns regarding Judge Sykes, and the issue of recusal. ECF No. 50 at 2. The email did not include State Defendants. *Id*.

## II. THE STATE DEFENDANTS FILE THEIR MOTION TO DISMISS IN THIS COURT, UNAWARE THAT THE SCHOOL DEFENDANTS HAD INFORMALLY SOUGHT RECUSAL

On March 28, 2025, State Defendants filed their motion to dismiss the complaint in this case. ECF No. 41. After Plaintiffs opposed the motion, State Defendants filed their reply on May 2, 2025. ECF No. 48. Throughout the entire

---

[1] School Defendants posture their motion as a "Motion for Recusal." However, the Central District Court of California uses the term "Motion to Disqualify." *See* General Order No. 24-04, p. 19, II.F. Motions to Disqualify.

time that State Defendants were briefing their motion to dismiss, they were completely unaware of the fact that the School Defendants had contacted the Court regarding recusal on March 25, 2025. Declaration of Stacey Leask (Leask Decl.), ¶¶ 3-4. Indeed, State Defendants had no knowledge of any of the alleged facts that form the basis of School Defendants' recusal motion during that time. *Id*.

### III. THE SCHOOL DEFENDANTS FILE THEIR EX PARTE APPLICATION SEEKING TO DISQUALIFY JUDGE SYKES FROM JUDICIAL REVIEW OF THE CASE

On May 7, 2025, School Defendants sent an email to Plaintiffs and State Defendants, informing them that School Defendants intended to file an ex parte application for an order recusing Judge Sykes from hearing this matter. Leask Decl., ¶ 2; *see* Exh. 1, May 7, 2025 Email from School Defendants' Counsel. The email contained the purported factual basis for the application. Exh. 1. Prior to May 7, 2025, State Defendants had no knowledge of these alleged facts. Leask Decl., ¶ 2.

On May 9, 2025, School Defendants filed their ex parte application to recuse the Court. ECF No. 49. On May 12, 2025, the Court denied the ex parte application and continued the hearing date on all Defendants' pending motions to dismiss to June 20, 2025, to allow School Defendants time to file a regularly noticed motion for the relief sought. ECF No. 50 at 2. On May 16, 2025, School Defendants filed the instant Motion. *See* ECF No. 51.

### LEGAL STANDARD

School Defendants bring their Motion under 28 U.S.C. § 455, subdivisions (a) and (b)(4). ECF No. 51. 28 U.S.C. § 455(a) provides that a federal judge must recuse herself in any proceeding in which her impartiality may reasonably be questioned. "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018). Further, "[t]he standard must not be so broadly construed that it becomes, in effect, presumptive, so that

3

1  recusal is mandated upon the merest unsubstantiated suggestion of personal bias or
2  prejudice." *Id*.

3      28 U.S.C. § 455(b)(4) requires a judge to recuse herself where "[she],
4  individually or as a fiduciary, or [her] spouse or minor child residing in [her]
5  household, has a financial interest in the subject matter in controversy or in a party
6  to the proceeding, or any other interest that could be substantially affected by the
7  outcome of the proceeding." 28 U.S.C. § 455(d)(4) further defines "financial
8  interest" as "ownership of a legal or equitable interest, however small, or a
9  relationship as director, adviser, or other active participant in the affairs of a party",
10 but clarifies that "[a]n office in an educational, religious, charitable, fraternal, or
11 civic organization is not a 'financial interest' in securities held by the
12 organization[.]" 28 U.S.C. § 455(d)(4), (d)(4)(ii). "A remote, contingent, or
13 speculative" financial interest is insufficient to require recusal. *Herrington v.*
14 *Sonoma Cnty.*, 834 F.2d 1488, 1503 (9th Cir. 1987).

15     Because a federal judge is presumed to be impartial, the party seeking
16 disqualification bears a substantial burden. *See Patel v. Miller*, 2019 WL8883342,
17 at *1 (C.D. Cal. 2019); *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22
18 (N.D. Cal. 2001).

## ARGUMENT

20     As an initial matter, it appears that School Defendants delayed bringing this
21 Motion. The Board meeting at which Judge Sykes presented was over three months
22 ago on February 6, 2025. ECF. No. 51-1, ¶ 4. School Defendants have known
23 about the purported grounds for recusal since at least March 25, 2025. ECF Nos.
24 50 at 2, 49-1 at 3:14-20. However, School Defendants did not take any formal
25 action until May 9, 2025—approximately 45 days later. ECF No. 49.

26     School Defendants' Motion provides no justification for their delay, and this
27 delay is prejudicial to State Defendants. Specifically, State Defendants have filed a
28 motion to dismiss on the grounds that, among others, they are not proper defendants

1  in this case. See ECF No. 41. Although the motion to dismiss was set to be heard
2  on May 20, 2025, the Court continued the hearing to June 20, 2025, to permit
3  School Defendants to file a formal motion regarding recusal. ECF No. 50 at 2. If
4  the Court grants the Motion of School Defendants, a ruling on the motion to
5  dismiss will be delayed even further pending reassignment, and then, presumably,
6  once reassigned, the new judge will need additional time to consider the papers and
7  set the matter for hearing.

8      As to the merits of School Defendants' Motion, based on the declarations
9  provided in support of School Defendants' Motion, disqualification is not
10 warranted. While Judge Sykes may sit as the co-chair of NAPAC and "on
11 occasion" present to the District's Board in this capacity (ECF No. 51 at 4:13-15),
12 her involvement in the local community in which she resides does not mandate her
13 disqualification or create an appearance of impropriety. Indeed, "[a] judge 'must
14 have neighbors, friends and acquaintances, business and social relations, and be a
15 part of his day and generation.'" *In re Complaint of Jud. Misconduct*, 816 F.3d
16 1266, 1268 (9th Cir. 2016) (internal citations omitted). These types of facts are not
17 alleged in the moving papers.

18     Moreover, courts have denied recusal motions in the educational context
19 where judges had much closer and more direct pre-existing relationships with
20 educational entities before the court than the relationship present here. *See e.g.,*
21 *Esonwune v. Regents of Univ. of Cal.*, No. 17-CV-01102-LB, 2017 WL 4025209, at
22 *8 (N.D. Cal. Sept. 13, 2017) ("Presenting education programs, teaching, and
23 providing unpaid externships to law students [at university affiliated with
24 defendants] do not reasonably establish a basis to question a judge's impartiality.");
25 *Maurey v. Univ. of So. Cal.*, 12 Fed.App'x 529, 532 (9th Cir. 2001) (upholding
26 denial of recusal motion in an employment case involving USC's School of Urban
27 and Regional Planning even though judge served on the Board of Councilors at
28 USC Law School); *Harris v. Bd. of Supervisors of La. State Univ.*, 409 Fed.App'x

725, 728 (5th Cir. 2010) (upholding denial of recusal motion filed by employment discrimination plaintiff who formerly worked at the LSU Health Sciences Center even though judge was a member of the LSU Law Center's board of trustees); *Easley v. Univ. of Mich. Bd. of Regents*, 906 F.2d 1143, 1145–47 (6th Cir. 1990) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-law school and member of law school alumni social organization); *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014) (upholding denial of recusal motion in case brought by university student against the university, even though the judge was an alumnus of the university and its law school and taught classes at the law school); *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir. 1994) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-university's law school, made financial contributions to an alumni organization, and had presented education programs at the university); *Wu v. Thomas,* 996 F.2d 271, 274–75 & n.7 (11th Cir. 1993) (holding that judge need not recuse himself where he held a position as an adjunct professor at a university that was a party-defendant).

    Here, the Motion does not illuminate any connection between the District's athletic policies and practices, which are the subject matter of this litigation, and Judge Sykes' involvement with NAPAC. Nor does the record offer any factual evidence to suggest that Judge Sykes is unable to act impartially in this case or that Judge Sykes has any personal bias against any party in the case; it merely reflects that she presented at a school board meeting, that M.L. later spoke at that same meeting, and that Judge Sykes participates as co-chair of a parent-led group that has no connection or involvement with the facts of this case. These facts, standing alone, do not establish an appearance of bias for or against any party, and State Defendants have no evidence or information in its possession that would demonstrate or imply that Judge Sykes cannot remain impartial in this case, or that would create the appearance of bias. Leask Decl., ¶ 5.

6

1  Additionally, while the Motion argues that NAPAC relies on the District for
2  facilities and resources, the supporting declarations do not substantiate this
3  assertion and, in any case, it is far too remote and speculative to require recusal.
4  *See Herrington*, 834 F.2d at 1503.  Moreover, any occasional use of District
5  facilities or resources (that benefits NAPAC's mission and not the Judge directly) is
6  not a "financial interest . . . in a party to the proceeding" as defined by 28 U.S.C. §
7  455(b)(4) and (d)(4)(ii).  Notwithstanding, State Defendants respectfully believe
8  that the Court is in the best position to determine whether recusal is in order and
9  respectfully defer to the Court's ultimate ruling on this issue.

11  Dated:  May 23, 2025                                          Respectfully submitted,

12                                                                                 ROB BONTA
                                                                                   Attorney General of California
13                                                                                 DARRELL W. SPENCE
                                                                                   Supervising Deputy Attorney General
14

15
                                                                                   ***/s/ Stacey L. Leask***
16                                                                                 STACEY L. LEASK
                                                                                   Deputy Attorney General
17                                                                                 *Attorneys for State Defendants*

7

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Save Girls' Sports, et al v Tonly Thurmond, et al.** | No. | **5:24-cv-02480-SSS-SP** |

I hereby certify that on <u>May 23, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' RESPONSE TO SCHOOL DEFENDANTS' MOTION FOR RECUSAL**

**DECLARATION OF STACEY L. LEASK IN SUPPORT OF STATE DEFENDANTS' RESPONSE TO SCHOOL DEFENDANTS' MOTION FOR RECUSAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 23, 2025</u>, at San Francisco, California.

| R. Caoile | */s/ R. Caoile* |
|---|---|
| Declarant | Signature |

SA2025300597
44638527.docx