BILAL A. ESSAYLI
United States Attorney
RICHARD M. PARK (SBN 236173)
Chief, Civil Rights Section
Assistant United States Attorney
    U.S. Attorney's Office
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3275
    E-mail: richard.park@usdoj.gov

HARMEET DHILLON
Assistant Attorney General
Civil Rights Division
GREGORY BROWN
Deputy Assistant Attorney General
ROBERT KEENAN (SBN 151094)
Senior Counsel
    U.S. Department of Justice
    Civil Rights Division
    150 M Street, NE
    Washington, D.C. 20002
    Telephone: (202) 514-3847
    Email: robert.keenan@usdoj.gov

*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| SAVE GIRLS' SPORTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TONY THURMOND, et al., <br><br> Defendants. | Case No. 5:24-cv-02480 SSS (SPx) <br><br> **STATEMENT OF INTEREST OF UNITED STATES OF AMERICA** <br><br><br> Honorable Sunshine S. Sykes <br> United States District Judge |

The United States submits this Statement of Interest to clarify Title IX's mandate that all students, regardless of sex, be provided equal educational opportunities, including in area of school athletics. The United States enforces Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and has a significant interest in the proper interpretation of Title IX. The United States also enforces several other federal anti-discrimination statutes that, like Title IX, prohibit sex discrimination, *e.g.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The United States also has a significant interest in ensuring that federal funds are not used to discriminate on the basis of sex and other protected classes. *See* 20 U.S.C. § 1682.

Title IX of the Education Amendments of 1972 provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Unlike other federal laws that prohibit sex discrimination and outlaw differential treatment of the sexes, Title IX explicitly acknowledges fundamental differences in the way girls and boys participate in sports. In acknowledgement of these differences, Title IX permits girls and boys to compete on separate, single-sex teams. Allowing girls to compete on their own teams, and not against boys, has resulted in many salutary effects for girls including improved physical health and self-esteem, leadership development, and opportunities to compete for awards, recognition, and scholarships. In the above-captioned case, however, the presence of a biological male-transgender female competing on a girls' cross-country team upsets the level playing field, interfering with the equal opportunity for females to fully participate in and enjoy the educational benefits of athletics.

I.  **INTEREST OF THE UNITED STATES**

This case brought by Plaintiffs Save Girls' Sports and two girls cross-country athletes and their guardians implicates the core protections of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1682 *et seq.*, which safeguard equal educational opportunities for boys and girls, including "equal athletic opportunity" to participate in

2

school athletic programs. *See* 34 C.F.R. § 106.41(c); 45 C.F.R. § 86.41(c). As set forth in the White House's Executive Order 14201 "Keeping Men Out of Women's Sports," it is the policy of the United States to protect opportunities for women and girls to compete in sports consistent with their biological sex, not gender identity.[1] Executive Order 14201 seeks to "affirmatively protect all-female athletic opportunities and all-female locker rooms and thereby provide equal opportunity guaranteed by Title IX of the Educational Amendments Act of 1972."

The United States respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517, which authorizes the Attorney General "to attend to the interests of the United States in a suit pending in a court of the United States."

**II.    BACKGROUND**

On January 31, 2025, Plaintiffs Save Girls' Sports, an unincorporated California association; T.S., a minor by and through her father and natural guardian, Ryan Starling, individually, and on behalf of all others similarly situated; and K.S., a minor by and through her father and mother and natural guardians, Daniel Slavin and Cynthia Slavin, individually, and on behalf of all others similarly situated filed the First Amended Complaint, seeking declaratory and injunctive relief related to the participation of a biological male-transgender female on a girls' high school cross-country team and the school's speech policy prohibiting protests to such participation. Defendants Tony Thurmond and Rob Bonta, in their official capacities as state officials, and Leann Iacuone and Amanda Chann, in their personal and official capacities as local school officials have filed motions to dismiss Plaintiffs' First Amended Complaint arguing, *inter alia*, lack of standing, sovereign immunity, and failure to state a claim under Title IX and California Education Code § 220. (Defs.' Mots. ECF Nos. 37, 41.) The motions have been fully briefed and are scheduled to be heard on June 20, 2025.

---

[1] Exec. Order No. 14201, Keeping Men Out of Women's Sports, 90 F.R. 9279, Feb. 5, 2025, *available at* https://www.federalregister.gov/documents/2025/02/11/2025-02513/keeping-men-out-of-womens-sports#page-.

3

In relevant part, Plaintiffs' First Amended Complaint alleges that M.L., a biological male-transgender female transferred into Martin Luther King High School in the summer of 2024 and joined the girls' cross-country team.[2] ECF No. 28, at ¶¶ 80, 115, 120. At M.L.'s previous high school, M.L. ranked number one on the girls' cross-country team and held the school's all-time cross-country record. *Id.* ¶¶ 121-22. The First Amended Complaint further alleges that M.L. displaced Plaintiff T.S., a biological female, on the girls' cross-country most elite team, the Varsity Top 7, depriving T.S. of the opportunity to compete with the Varsity Top 7 at the Mt. SAC Cross Country Invitational. *Id.* ¶¶ 123-24. Plaintiff K.S., one of the top biological females on the girls' junior varsity team, is another impacted female athlete who would otherwise be one of the immediate contenders for a spot on the Varsity Top 7 team. *Id.* ¶ 137.

M.L. remained on the Varsity Top 7 team for the cross-country season, finishing as a medalist in several races and displacing females from receiving awards. *Id.* ¶¶ 150-51. On December 17, 2024, M.L. received the "MLK HS Senior Girl" award for fastest run time on the girls' cross-country team, displacing a female from receiving the honor. *Id.* ¶¶ 152.

## III.   DISCUSSION

The United States has an interest in affirming the foundational tenets of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1682 *et seq.* to provide girls and boys equal educational opportunities, including an "equal athletic opportunity" to participate in school athletic programs. *See* 34 C.F.R. § 106.41(c); 45 C.F.R. § 86.41(c). To fulfill Title IX's original promise of "equal athletic opportunity" within school sports, the law and its implementing regulations prohibit discrimination solely "on the basis of sex," not transgender status.

---

[2] At the motion to dismiss stage, all well-pleaded facts in the First Amended Complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Nowhere in the original Title IX statute or regulations is there any discussion about transgender athletes, or about biological males competing as transgender females on girls' sports teams. On the other hand, Title IX's regulations include numerous references – explicit and implicit – to the distinct ways that boys and girls participate in sports to fulfill the goal of equal athletic opportunity. Schools are allowed to operate separate teams for each sex "where selection for such teams is based upon competitive skill or the activity involved is a contact sport." 34 C.F.R. § 106.41(b). Thus, schools may set up separate boys' and girls' teams in apparent acknowledgment of the physical differences and abilities between the two sexes to compete in any given sport. Moreover, even where no separate team exists in the same sport, schools may still categorically bar girls from contact sports such as "boxing, wrestling, rugby, ice hockey, football, basketball and other sports the purpose or major activity of which involves bodily contact." *Id.* Again, the "no-contact sport" rule reflects a common-sense understanding that girls and boys engage in sports competitions in a fundamentally different manner, and these distinctions are necessary and prudent to promote fair competition and safety.

At the core of the Title IX regulations is an abiding interest in creating opportunities for women and girls to enjoy equal athletic opportunities on a level playing field. As alleged in the First Amended Complaint, allowing a biological male-transgender female to compete on a girls' cross-country team upsets that level playing field and interferes with the opportunity for girls to compete in a sport where mere seconds can mean the difference between wins and losses.

///

///

///

IV. CONCLUSION

This Statement of Interest reflects the United States' significant interest in protecting the equal opportunity for girls to pursue the educational benefits of athletics without interference of biological males-transgender females on their sports teams.

Dated: May 28, 2025

| | |
|---|---|
| BILAL A. ESSAYLI<br>United States Attorney<br><br>/s/ *Richard Park*<br>RICHARD M. PARK<br>Chief, Civil Rights Section<br>United States Attorney's Office for the<br>Central District of California | HARMEET DHILLON<br>Assistant Attorney General<br>GREGORY BROWN<br>Deputy Assistant Attorney General<br><br>/s/ *Robert Keenan*<br>ROBERT KEENAN<br>Senior Counsel<br>Civil Rights Division<br><br>*Attorneys for the United States of America* |