UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-02480-SSS-SPx | Date | June 26, 2025 |
|---|---|---|---|
| Title | T. S. et al. v. Riverside Unified School District et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR RECUSAL [DKT. 51]**

Before the Court is Defendants Amanda Chann, Leann Iacuone, and Riverside Unified School District's ("School Defendants") Motion for Recusal. [Dkt. 51, "Motion"]. The Court **DENIES** the motion.

I.      FACTUAL AND LEGAL BACKGROUND

The Court briefly recounts the facts of the case as alleged in the First Amended Complaint. [Dkt. 28, "FAC"]. This case is brought by two student plaintiffs, K.S. and T.S., who allege they were deprived opportunities to compete in cross-country and discriminated against by district policies and California state laws governing the inclusion of transgender athletes in public high schools. [FAC ¶¶ 18, 19]. Both students attend Martin Luther King High School in Riverside, California, which is part of the Riverside Unified School District. [*Id.*]. It is also brought by Save Girls Sports, an unincorporated association composed of "students and parents in California who are subject to state and local policies that discriminate based upon biological sex." [FAC ¶ 17].

Plaintiff T.S. argues that she was "ousted" from the varsity girls' cross-country team because of the inclusion of a transgender athlete, named M.L., on the team. [FAC ¶ 8]. In response, her and the other student plaintiff, K.S., wore shirts bearing various messages such as "Save Girls' Sports" or "It's Common Sense. XX ≠ XY." [FAC ¶¶ 11, 13]. Defendants Amanda Chann and Leann Iacuone required them to remove the shirts because they created a "'hostile' environment." [FAC ¶ 12]. In response, over 150 members of Save Girls' Sports wore shirts in support of T.S. and K.S., and again the School Defendants required the students to remove the shirts. [FAC ¶ 14]. Plaintiffs bring First Amendment, due process, Title IX, and state law gender discrimination claims. [*See generally* FAC].

On January 31, 2025, Plaintiffs filed their First Amended Complaint. [FAC]. In response, the School Defendants filed a motion to dismiss. [Dkt. 37]. Defendants Rob Bonta and Tony Thurmond ("State Defendants") filed another motion to dismiss. [Dkt. 41]. Both motions are fully briefed. After briefing was completed, the United States filed a statement of interest regarding the pending motions to dismiss. [Dkt. 54].[1] The Court has yet to rule on either motion.

Separately, the School Defendants filed an ex parte application for my recusal. [Dkt. 49]. Because the application did not meet the standards for ex parte relief, the Court denied the application without ruling on its merits. [Dkt. 50].

The School Defendants have returned with a regularly noticed motion. [Motion]. The Plaintiffs opposed, [Dkt. 52, "Pls.' Opp'n"], and the State Defendants filed a response, [Dkt. 53, "State Resp."]. The School Defendants responded to both. [Dkt. 55, "Pls.' Reply"; Dkt. 56, "State Reply"].

## II.    LEGAL STANDARD

A motion to disqualify a judge or magistrate judge may be brought under 28 U.S.C. § 455. Section 455 provides that a judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a). Recusal is proper "[w]here [a judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1). "While no per se rule exists regarding the time frame in which recusal motions [under Section 455] should be filed . . . recusal motions should be filed with reasonable promptness after the

---

[1] The statement only addresses the pending motions to dismiss and does not address or reference the pending motion to recuse.

ground for such a motion is ascertained." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991).

The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). A party may demonstrate disqualifying bias or prejudice under 28 U.S.C. § 455(a) only when the alleged bias stems from an extrajudicial source. *See Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).

"[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909 (9th Cir. 2008). The Ninth Circuit has "held repeatedly that the challenged judge [her]self should rule on the legal sufficiency of a recusal motion in the first instance." See *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger,* 790 F. Supp. 2d 1119 (N.D. Cal. 2011). "The Ninth Circuit has cautioned against construing the recusal statute 'so broadly . . . that it becomes, in effect, presumptive' upon the 'merest unsubstantiated suggestion of personal bias or prejudice.'" *Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs.* (*"CLSEPA"*), No. 25-CV-02847, 2025 WL 1346877, at *2 (N.D. Cal. Apr. 17, 2025) (quoting *Holland*, 519 F.3d at 913).

## III. DISCUSSION

School Defendants present two theories as to why I should disqualify myself from this case.[2] First, they argue I should disqualify myself due to my role as the Co-Chair of the Riverside Unified School District's ("District") Native American Parent Advisory Committee ("NAPAC"). Second, and somewhat relatedly, they argue that disqualification is necessary because I attended a school board meeting where M.L., the transgender athlete who allegedly displaced T.S. from the cross-country team, spoke. Neither merits disqualification.

---

[2] While some Judges write in the third-person in a recusal motion, I follow the lead of those Judges writing in the first-person "in observance of a self-reflective and fact-driven analysis." *CLSEPA*, 2025 WL 1346877, at *1 n.1.

### A. Appearance of Bias and Financial Interest

School Defendants argue that my service as Co-Chair of NAPAC would lead a reasonable person to question my impartiality. § 455(a). Additionally, they argue that because of my role in NAPAC, I have a financial interest in the litigation and must recuse myself.

As a bit of background, I have daughters who attended and continue to attend school in the District. They do not attend, nor have attended, the school at issue in this case, Martin Luther King High School. I am involved with NAPAC, a "parent advisory group whose mission it is 'to ensure that Native American students receive equitable support, thrive academically, and celebrate their cultural heritage within the educational system.'" [Motion at 7]. There is no allegation by School Defendants that NAPAC has engaged in any advocacy or commented on the issues in this case.

My service on NAPAC would not create an appearance of impropriety to a reasonable person. Additionally, there is no evidence that my involvement with NAPAC creates a financial or fiduciary interest.

Under § 455(a) a judge "shall disqualify [her]self in any proceeding in which his impartiality might reasonably be questioned." That is, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," disqualification is warranted. *Hernandez*, 109 F.3d at 1453. That said, a reasonable person is neither "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Holland*, 519 F.3d at 913–14. Instead, they are a "well-informed, thoughtful observer." *Id.* at 913. The standard is "necessarily fact-driven and may turn on subtleties in the particular case." *Id.*

Additionally, under § 455(b)(1), a judge shall disqualify herself when she knows that "[s]he, individually or as a fiduciary, or h[er] spouse or minor child residing in h[er] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." A "financial interest" is the "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party", but "[a]n office in an educational, religious, charitable, fraternal, or civic organization is not a 'financial interest' in securities held by the organization[.]" 28 U.S.C. § 455(d)(4), (d)(4)(ii). "A remote, contingent, or speculative" financial interest is

insufficient to require recusal. *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1503 (9th Cir. 1987).

Fundamentally, a reasonable person would not conclude that my service on NAPAC would bias me in this case. I start with what I said above: School Defendants make no allegation that NAPAC has made any recommendations regarding the issues or policies in this case, nor made any public statements about the facts or issues. They do allege I present to the District's Board "on occasion" about the work of NAPAC, but there is no allegation I have ever presented on or spoken with the Board regarding the issues of athletic policy and inclusion of transgender athletes present in this case. The only connection is that the District is being sued, and I live in the District and serve on an advisory committee of other Native American parents. As such, a reasonable person assessing this case would not question my impartiality.

Instead, School Defendants propose a confusing hypothetical arrangement. They allege NAPAC relies on school resources, such as space for its meetings, and that I might base my rulings on "the District's response to requests for aide" from NAPAC. [Motion at 7–8]. And because "for every dollar spent in litigation or on any award that may be granted to Plaintiff, one less dollar is available to support Native American students."[3] [*Id.* at 9]. Putting aside the conjectural nature of this argument—there is no allegation I have or that I would apply such pressure on the District[4]—it is entirely unsupported by the law.

---

[3] This argument plainly cuts too far. Under this theory, any judge who receives run-of-the-mill public benefits such as public education for their children, library access, or infrastructure maintenance, would be forced to disqualify themselves from cases involving any political entity of which they are part. I would not disqualify myself from a § 1983 case against Riverside County because any dollar a plaintiff receives in recovery would be a dollar less of revenue available to clean the streets. A judge is necessarily part of the community they serve, they "must have neighbors, friends and acquaintances, business and social relations, and be a part of h[er] day and generation." *In re Complaint of Jud. Misconduct*, 816 F.3d at 1268 (internal quotation and citation omitted).

[4] That "neither [School] Defendants nor counsel believe" this would happen, is helpful proof this argument is conjecture, not the views of a reasonable observer. [Motion at 7].

This hypothetical issue—that a person serving an educational institution in a volunteer capacity and receiving some incidental resources (classroom space, etc.)—would apply in the litany of cases where this Circuit and courts around the country have held that recusal is not warranted.  To start, this Circuit has held that there is no appearance of impropriety when a judge serves on a voluntary advisory board of a school, such as an "alumni board," and hears cases where that same school is a party—so long as the role "does not create a fiduciary interest in pending litigation."[5]  *In re Complaint of Jud. Misconduct*, 816 F.3d 1266, 1267–68 (9th Cir. 2016); *cf. Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988) (service on Board of Trustees does create fiduciary interest).  In such a situation, an alumni board certainly receives some incidental resources from the school, such as support for its meetings, the ability to use the school's branding, and so on.  But the recipient of these resources is not the judge herself, the benefits accrue to the advisory group and the targets of its mission.

Take the example of a judge who also teaches. "It is well established" in this Circuit the "law 'does not require recusal'" when judges serve in unpaid teaching roles and hear cases where the school is a party.  *In re Complaint of Jud. Misconduct*, 816 F.3d at 1267 (quoting *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir.1998)).  But those judges require, and must request, the same resources the District now thinks are at issue in this case—space to teach, incidental use of school resources, and so forth.  Courts have not accepted the District's theory before, and I decline to do so now.  School Defendants' concern is not that of a reasonable observer.

Additionally, School Defendants motion seems rooted in the "national attention" due this case, rather than the fact-driven analysis the law mandates.  For example, School Defendants express concern that my impartiality "may be questioned by those that oppose or support transgender inclusion in athletic teams consistent with their gender identity." [Motion at 8].  But the standard for disqualification does not ask what those with vested interests in this case—on both sides—might argue.  It is only concerned with what a "well-informed person presented with the facts of this case" would conclude. *CLSEPA*, 2025 WL 1346877, at *4.

---

[5] There is no allegation that I serve as a fiduciary of the District in my role with NAPAC.

There is no basis under § 455(a) or (b)(1) to disqualify myself because of my role with NAPAC.

### B. Personal Knowledge of Underlying Facts

Relatedly, the District argues I should recuse because I attended a public meeting of the District's Board to provide a six-minute report on behalf of NAPAC and several other parent groups. [Dkt. 51-1, "Foster Decl." ¶ 5]. About eight minutes later, M.L. and some other students spoke about some of the issues in this case. [*Id.* ¶ 6].

Under § 455(b)(1), a judge must disqualify herself where she has "personal knowledge of disputed evidentiary facts concerning the proceeding."

M.L.'s testimony did not give me personal knowledge of disputed evidentiary facts. First, the school board meeting was a public meeting, open to all. Cal. Educ. Code § 35145.5. There is nothing substantively different about encountering information about the case at that meeting than if I were to come across M.L.'s testimony in an op-ed in a newspaper. In a case receiving "national attention" such as this one, it is normal that a judge, who is a member of her community, may incidentally come across information about the case in public fora. The answer is not disqualification. Instead, our laws require that Judges base our decisions solely on the evidence presented by the parties. *United States v. Bonas*, 344 F.3d 945, 948 (9th Cir. 2003).

Second, M.L.'s testimony at the school board meeting is not at issue in the case. It is the subject of M.L.'s testimony—M.L.'s participation on the Martin Luther King High School cross country team and the events afterward—that are at issue.

In sum, I do not have personal knowledge of disputed facts in the proceedings, and there is no allegation that I have improperly relied upon or will rely upon extra-record evidence. The School Defendants have not raised a colorable basis for disqualification.

### IV. CONCLUSION

The Motion for Recusal is **DENIED.** [Dkt. 51].

**IT IS SO ORDERED.**