**[Exempt From Filing Fee Government Code § 6103]**

1  FAGEN FRIEDMAN & FULFROST, LLP
   Milton E. Foster III, SBN 250357
2  mfoster@f3law.com
   Nathaniel Rosilez, SBN 339229
3  nrosilez@f3law.com
   4160 Temescal Canyon Road, Suite 610
4  Corona, California 92883
   Phone: 951.215.4900
5  Fax: 951.215.4911

6  Attorneys for RIVERSIDE UNIFIED
   SCHOOL DISTRICT, AMANDA
7  CHANN, and LEANN IACUONE

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11  SAVE GIRLS' SPORTS, an                CASE NO. 5:24-cv-02480-SSS (SPx)
    unincorporated California association;
12  T.S., a minor by and through her father  [Assigned for All Purposes to:
    and natural guardian, RYAN             Hon. Sunshine Suzanne Sykes,
13  STARLING, individually, and on         Courtroom 2]
    behalf of all others similarly situated;
14  and K.S., a minor by and through her    **DEFENDANTS RIVERSIDE**
    father and mother and natural          **UNIFIED SCHOOL DISTRICT,**
15  guardians, DANIEL SLAVIN and           **LEANN IACUONE, AND AMANDA**
    CYNTHIA SLAVIN, individually, and      **CHANN'S MOTION TO DISMISS**
16  on behalf of all others similarly       **AND STRIKE SECOND AMENDED**
    situated;                              **COMPLAINT FOR FAILURE TO**
17                                          **STATE A CLAIM**
                 Plaintiffs,
18                                          [F.R.C.P. Rule 12(b)(1), Rule 12(b)(6)
        vs.                                 and Rule 12(f)]
19
20  TONY THURMOND, in his official          *[Filed concurrently with Declaration of*
    capacity as State Superintendent of    *Nathaniel B. Rosilez in Support of Motion to*
21  Public Instruction; ROB BONTA, in his  *Dismiss; and [Proposed] Order]*
    official capacity as State Attorney
22  General; RIVERSIDE UNIFIED             DATE:  January 9, 2026
    SCHOOL DISTRICT; LEANN                 TIME:  2:00 p.m.
23  IACUONE, Principal of Martin Luther    DEPT.:  Courtroom 2
    King High School, in her personal and
24  official capacity; and AMANDA          Trial Date:        None Set
    CHANN, Assistant Principal and
25  Athletic Director of Martin Luther
    King High School, in her personal and
26  official capacity,

27              Defendants.

28

---

*(left margin, vertical text)* Fagen Friedman & Fulfrost, LLP  4160 Temescal Canyon Road, Suite 610  Corona, California 92883  Main 951.215.4900 • Fax 951.215.4911

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on [DATE], at [TIME], or as soon thereafter as counsel may be heard via Zoom in the courtroom of the Honorable Sunshine Suzanne Sykes, located in the United States Courthouse, 3470 Twelfth Street, Courtroom 2, Riverside, CA 92501, Defendants Riverside Unified School District ("District"), Dr. Leann Iacuone ("Iacuone"), and Amanda Chann ("Chann") (the District, Iacuone, and Chann collectively hereinafter "Defendants") will and hereby do move this Court to dismiss Plaintiffs T.S., K.S., and Save Girls' Sports' (collectively "Plaintiffs") Fifth and Sixth Claims for Relief in Plaintiffs' Second Amended Complaint ("SAC"). Defendants further move to strike the Seventh and Eighth Claims for Relief in Plaintiffs' SAC.

Defendants Iacuone and Chann are named as defendants to each of Plaintiffs' first three claims for relief. The District is named as a defendant to Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief. Defendants move for dismissal as follows:

1.    As to the Fifth and Sixth Claims for Relief under 12(b)(1) as Plaintiffs have not alleged an injury in fact sufficient to confer constitutional standing for injunctive relief.

2.    As to the Fifth and Sixth Claims for Relief under 12(b)(6) as Plaintiffs have not alleged facts sufficient to state a Claim for Relief.

Defendants further move to strike Plaintiffs' allegations related to Plaintiffs' amendment naming the California Department of Education as a defendant in this matter as well as those related to A.H. pursuant to Rule 12(f) on the grounds each are immaterial and impertinent as well as beyond the leave to amend granted by the Court.

This motion is made following the L.R. 7-3 conference of counsel which took place between November 5, 2025, and November 18, 2025 via email, and via teleconference on November 21, 2025. This Motion is based upon this Notice of

DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO
DISMISS AND STRIKE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

1   Motion and the attached Memorandum of Points and Authorities, filed concurrently

2   herewith, all of the pleadings, files, and records in this proceeding, any matters to

3   which the Court may properly judicially notice at the pleading stage, and any

4   argument or evidence that may be presented to or considered by the Court prior to

5   its ruling.

6

7   DATED:  November 26, 2025          FAGEN FRIEDMAN & FULFROST, LLP

8

9

10   By: _____

11   Milton E. Foster III
     Nathaniel Rosilez
12   Attorneys for RIVERSIDE UNIFIED SCHOOL
     DISTRICT, AMANDA CHANN, and LEANN
13   IACUONE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

3

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINT AND AUTHORITIES ........................................ 4

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 4

II.   SUMMARY OF RELEVANT FACTS .................................................... 4

    A.    Dr. Leann Iacuone and Amanda Chann are Employed by the District at King High School ........................................................ 4

    B.    Plaintiffs T.S. and K.S. Compete on the King Girls' Cross Country Team ................................................................................ 5

    C.    M.L. Earns Her Way Onto the King Girls' Varsity Cross Country Team for the Prestigious Mt. SAC Invitational ........................... 6

    D.    M.L. Also Competed on the King Track & Field Team as a Varsity Member ...................................................................... 7

    E.    Plaintiffs' Alleges Other Students Competing Pursuant to AB 1266 .......................................................................................... 8

III.  LEGAL ARGUMENT ........................................................................... 8

    A.    Standard of Review ..................................................................... 8

        1.    FRCP Rule 12(b)(1) ........................................................ 8

        2.    FRCP Rule 12(b)(6) ........................................................ 8

        3.    FRCP Rule 12(f) ............................................................ 10

    B.    Plaintiffs' Amendments are Beyond the Leave Granted by the Court ........................................................................................ 10

    C.    Plaintiffs Fail to Establish Standing to Seek Injunctive Relief as to the District's Enforcement of AB 1266 ............................... 12

    D.    Plaintiffs Fail to State Their Claims Under Title IX ........................... 13

        1.    Plaintiffs Fail to State a Claim for Title IX: Effective Accommodation Violation .......................................... 14

        2.    Plaintiffs Fail to State a Claim for Title IX: Equal Treatment Violation .................................................. 16

IV.   CONCLUSION ................................................................................ 17

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO DISMISS AND STRIKE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anders v. California State Univ., Fresno*, No. *121CV00179AWIBAM*,
  2021 WL 3115867 (E.D. Cal. July 22, 2021)....................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 9

*Brust v. Regents of Univ. of Cal.*,
  2007 WL 4365521 (E.D. Cal. Dec. 12, 2007)..................................................... 14

*Center for Bio-Ethical Reform v. Napolitano*,
  648 F.3d 365 (6th Cir. 2011) ............................................................................. 10

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ........................................................................... 10

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ............................................................................. 12

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir.1993), rev'd on other grounds by *Fogerty v.
  Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455
  (1994)................................................................................................................... 10

*Fed'n of African Am. Contractors v. City of Oakland*,
  96 F.3d 1204 (9th Cir. 1996) ............................................................................... 8

*Gerritsen v. Warner Bros. Entm't Inc.*,
  116 F. Supp. 3d 1104 (C.D. Cal. 2015)............................................................. 10

*Laird v. United Tchrs. Los Angeles*,
  615 F. Supp. 3d 1171 (C.D. Cal. 2022), <u>aff'd,</u> No. 22-55780, 2023
  WL 6970171 (9th Cir. Oct. 23, 2023) ............................................................... 12

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) ............................................................................. 9

DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO
DISMISS AND STRIKE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) .......................................................................... 8

*Mansourian v. Regents of Univ. of California,*
    602 F.3d 957 (9th Cir. 2010) ........................................................... 13

*Ollier v. Sweetwater Union High Sch. Dist.,*
    768 F.3d 843 (9th Cir. 2014) ............................................... 14, 15, 16

*Sacks v. Office of Foreign Assets Control,*
    466 F.3d 764 (9th Cir. 2006) ............................................................ 9

*Safe Air for Everyone v. Meyer,*
    373 F.3d 1035 (9th Cir. 2004) ........................................................... 8

*Spokeo, Inc. v. Robins,*
    578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ............ 8, 12

*Whitaker v. Tesla Motors, Inc.,*
    985 F.3d 1173 (9th Cir. 2021) ......................................................... 10

**Federal Statutes**

20 U.S.C. § 1681(a) ............................................................................ 13

20 U.SC. § 1681 et seq.  ....................................................................... 4

Title IX ....................................................................... 4, 13, 14, 15, 16

**California Statutes**

Cal. Educ. Code § 221.5(f) ................................................................ 16

**Federal Rule of Civil Procedures and Local Rules**

34 C.F.R. § 106.41(c) ........................................................................ 13

34 C.F.R. § 106.41(c)(1) .................................................................... 13

34 C.F.R. § 106.41(c)(2)-(10) ............................................................ 14

44 Fed.Reg. 71,418 ........................................................................... 14

Fed. R. Civ. P. 15(a)(1) ..................................................................... 11

Fed. R. Civ. P. 15(a)(2) ..................................................................... 11

2

Federal Rules of Civil Rule 15 ................................................................ 11

FRCP Rule 12(b)(1) ................................................................................. 8

FRCP Rule 12(b)(6) ............................................................................. 4, 8

FRCP Rule 12(f) .................................................................................... 10

L.R. 11-6.1 ............................................................................................. 18

Order Granting in Part and Denying in Part Riverside Unified School
    District's Motion to Dismiss and Granting the State of California's
    Motion to Dismiss, ECF 68 ................................................................ 11

Rule 12(b)(1) ........................................................................................... 8

Rule 12(b)(6) ........................................................................................... 9

Rule 12(f) .............................................................................................. 10

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

3

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

3    Plaintiffs T.S., K.S., and Save Girls' Sports' ("SGS") (T.S., K.S., and SGS

4    collectively "Plaintiffs") First Amended Complaint ("FAC") should be dismissed

5    under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1) as to Plaintiffs'

6    request for injunctive relief against the Riverside Unified School District ("District")

7    as Plaintiffs have failed to plead any threat of repeated harm as a result of the

8    District's continued compliance with AB 1266.  Further, Plaintiffs' Fifth and Sixth

9    Claims for Relief should be dismissed pursuant to FRCP Rule 12(b)(6) for failure to

10   state a claim for which relief can be granted.

11   Plaintiffs' Fifth and Sixth Claims for Relief each arise under 20 U.S.C.

12   section 1681 et seq ("Title IX").  Plaintiffs' Fifth and Sixth claims rely upon the

13   theory that M.L. and other unnamed transgender athletes displace Plaintiffs T.S. and

14   K.S. as well as other biological female athletes on the Martin Luther King High

15   School ("King") girls' varsity cross country and track teams.  Plaintiffs also point

16   generally to another male athlete competing for another school district contributing

17   to the forfeiture of over ten volleyball games.  Plaintiffs allegations are insufficient

18   to establish violated the effective accommodation or equal treatment requirements of

19   Title IX.

20   Plaintiffs' Seventh and Eighth Claims for Relief are each subject to strike as

21   each is excessive of the leave to amend granted by the Court.  Further, Plaintiffs;

22   allegations in support of the Seventh and Eighth Claims for Relief are subject to

23   strike as immaterial and impertinent.

24   **II.    SUMMARY OF RELEVANT FACTS**

25         **A.    <u>Dr. Leann Iacuone and Amanda Chann are Employed by the</u>**

26              **<u>District at King High School</u>**

27   The District is a school district located in Riverside County, California.  SAC

28   ¶ 25.  The District is responsible for the adoption and implementation of District

4

1  policies and is further responsible for ensuring enforcement of District policies.

2  *Ibid.*  Martin Luther King High School ("King") is a high school maintained and

3  operated by the District.  FAC ¶ 80.

4        Dr. Iacuone is the Principal at King and is responsible for implementing and

5  enforcing District policies on the King campus.  SAC ¶ 26.  Dr. Iacuone is provided

6  with discretion in the implementation of District policies on an individualized basis.

7  *Ibid.*  Ms. Chann serves as both the Assistant Principal and Athletic Director at King

8  and is similarly given discretion to implement and enforce District policies.  SAC ¶

9  27.  Ms. Chann would run with M.L. when M.L. was able to attend cross country

10  team practices.  SAC ¶ 128.  Ms. Chann is alleged to have made the decision to

11  place M.L. on the girls' cross-country team.  SAC ¶ 122.

    **B.**    <u>**Plaintiffs T.S. and K.S. Compete on the King Girls' Cross Country**</u>

        <u>**Team**</u>

14        Plaintiff T.S. is alleged to be an eleventh-grade student at King and a member

15  of the King girls' cross-country team.  SAC ¶¶ 19, 85.  T.S. has received multiple

16  accolades while competing as a member of the King girls' cross-country team

17  related to her time improvements.  SAC ¶ 87.  T.S. was first designated as a member

18  of the King girls' cross-country team in August 2024.  SAC ¶ 88.

19        Plaintiff K.S. is alleged to be a ninth-grade student at King and similarly

20  competes as a member of the King girls' cross-country team.  SAC ¶¶ 18, 81.  Prior

21  to entering high school, K.S. accumulated various accolades in cross country, track

22  and field, volleyball, basketball, and soccer at the middle school level.  SAC ¶¶ 82-

23  84.  K.S. consistently ranked second or third on the King girls' cross country junior

24  varsity team.  SAC ¶ 81.

25        The 2024 cross country season was K.S.'s first at King, and T.S.'s third

26  season.  SAC ¶¶ 81, 85.  T.S. and K.S. allege each attended every practice during

27  the 2024 cross country season.  SAC ¶¶ 90-92.  Plaintiffs allege T.S. has served in a

28  leadership role as a girls' cross country team captain since August 2024 and is

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

5

1  responsible for demonstrating a strong work ethic, upholding a high standard of

2  responsibility, and fostering a positive attitude to inspire and motivate the team.

3  SAC ¶ 88.

4      **C.   M.L. Earns Her Way Onto the King Girls' Varsity Cross Country**

5          **Team for the Prestigious Mt. SAC Invitational**

6      King provides athletic programs and opportunities separated by sex and

7  maintains 4 separate cross-country teams: a boys' varsity team, a girls' varsity team,

8  a boys' junior varsity team, and a girls' junior varsity team.  SAC ¶¶ 94-95.  The

9  girls' varsity team lineup is typically left to the coaching staff's discretion based on

10 the following criteria: (1) previous race times, (2) practice attendance, (3) "'varsity-

11 level effort' at practice during the week (or specifically a lack of it), (4) attitude, (5)

12 long-term team strategy by the coaching staff, (6) illness/injury, (7) varsity

13 "exposure," and (8) other unforeseen issues.  SAC ¶ 99.  It is also left to the coach's

14 discretion to determine whether consequences shall be employed as a result of

15 multiple missed workouts.  SAC ¶ 102.  Any one of the above factors could warrant

16 selection for the varsity lineup.  *See* SAC Ex. 1, at p. 7.

17     Because King's cross-country teams rank in the top 10 of the California

18 Interscholastic Federation Southern Section, Division 1, the girls' team is regularly

19 invited to the annual Mt. SAC Cross Country Invitational ("Mt. SAC Invite").  SAC

20 ¶ 107.  The Mt. SAC Invite is a premier cross-country event and was held on

21 October 25, 2024, and October 26, 2024.  SAC ¶ 107.

22     M.L. transferred to King in June 2024 after being ranked as the top performer

23 on her prior school's girls' cross-country team.  FAC ¶¶ 119-120.  Between August

24 2024 and October 2024, Plaintiffs allege that M.L. attended only 13 of the 74

25 scheduled cross-country practices.  SAC ¶ 126.  M.L. is alleged to have attended the

26 last 50-60 minutes of the approximately two and a half hour practices.  SAC ¶ 127.

27     On October 19, 2024, M.L. competed as a member of the King girls' cross-

28 country team for the first time in the 2024 cross country season.  SAC ¶ 115.  M.L.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

6

1    posted a time of 19:41 on that race day.  *Ibid.*  T.S. also competed on that race day

2    and posted a time of 20:42.  SAC ¶ 116.  M.L. placed sixth out of the competing

3    female athletes, qualifying her to receive a top 30 medal.  SAC ¶ 149.

4         Days later, on or about October 22, 2024, the girls' varsity lineup for the Mt.

5    SAC Invite was released.  SAC ¶ 117.  T.S. was not included on the varsity lineup

6    and was instead listed under the junior varsity lineup.  SAC ¶ 118.  M.L. was instead

7    listed as a member of the varsity lineup.  *Ibid.*  M.L. ultimately competed at the Mt.

8    SAC Invite as a member of the varsity team.  SAC ¶ 135.

9         M.L. again competed at the Big VII League Finals ("League") on or about

10   November 8, 2024.  SAC ¶ 150.  The top 21 female athletes at League were

11   awarded medals.  *Ibid.*  At League, M.L. finished in fourth place, qualifying her to

12   receive a medal.  SAC ¶ 150.  On or about December 17, 2024, M.L. received the

13   "MLKHS Senior Girl" award.  SAC ¶ 151.

14   **D.    M.L. Also Competed on the King Track & Field Team as a Varsity**
15   **Member**

16        In addition to competing as a member of the King girls' cross-country team,

17   M.L. was also permitted to compete on the King girls' track and field team.  SAC ¶

18   152.  M.L. is alleged to have participated in approximately twenty-seven (27)

19   different track and field events as a member of the King girls' track team during the

20   2024-2025 track & field season.  SAC ¶ 161.  M.L. would also be permitted to use

21   the same bathrooms and lockers as Save Girls' Sports members, including T.S. and

22   K.S., and allegedly due to the District's enforcement of AB 1266.  SAC ¶¶ 169-171.

23        On February 8, 2025, M.L. competed in the girls' 200-meter race as well as

24   the varsity 300-meter hurdles.  SAC ¶¶ 154, 156.  M.L. finished in seventh and first

25   in each respective event, ahead of Save Girls' Sports members.  SAC ¶¶ 155, 157.

26   On February 26, 2025, M.L. competed in the women's varsity 300m hurdles, again

27   finishing ahead of another Save Girls' Sports member.  SAC ¶ 158.  On April 9,

28   2025, M.L. competing in the women's varsity 100m hurdles, finishing ahead of a

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

7

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Save Girls' Sports member.  SAC ¶ 159.  On April 29, 2025, M.L. again competing in the women's varsity 300m hurdles, and again finished ahead of a Save Girls' Sports member.  SAC ¶ 160.

E.    **Plaintiffs' Alleges Other Students Competing Pursuant to AB 1266**

In addition to M.L., Plaintiffs' identify another transgender student athlete in their SAC.  Plaintiffs specifically identify A.H., an alleged biological male who competed on Jurupa Unified School District's girls' track and field team during the 2024-2025 season and won the California state titles in the girls' high jump and long jump.  SAC ¶ 163.  A.H. is alleged to have participated in approximately forty-two (42) track and field events, and displaced female athletes including Save Girls' Sports members.  SAC ¶¶ 163-166.  Additionally, A.H. competed as a member of the JVHS girls' volleyball team and resulted in at least ten (10) schools forfeiting matches against JVHS.  SAC ¶ 168.

III.    **LEGAL ARGUMENT**

A.    **Standard of Review**

1.    **FRCP Rule 12(b)(1)**

Defendants bring this Motion to Dismiss under Rule 12(b)(1) for lack of Article III standing.  To satisfy Article III's standing requirements, plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (applying the standing test from *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A Rule 12(b)(1) motion can be either "facial" or "factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  For a facial attack such as this instant Motion, all allegations are accepted as true.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

2.    **FRCP Rule 12(b)(6)**

8

Defendants bring this Motion to Dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.Proc. 12(b)(6). To survive a motion to dismiss under this rule, a plaintiff must show that he or she has alleged sufficient facts which, if true, would confer upon him or her the relief sought. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006). A complaint must provide "factual allegations" that "raise a right to relief above the speculative level" to the "plausible" level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendants' liability" or that a violation is "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Twombly*, 550 U.S. at 567). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Interpreting *Iqbal* and *Twombly*, the Ninth Circuit employs a two-step approach:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). Additionally, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude

9

the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (internal citations omitted).

"Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted).  And, civil rights litigants are not entitled to a more lenient pleading standard. *Id.* at 1177.  Additionally, "the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading." *Id.* at 1177. Accordingly, a complaint that does not provide the "when, where, in what or by whom" to support conclusory allegations fails to state a claim.  *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

### 3.    FRCP Rule 12(f)

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).  A motion to strike pursuant to Rule 12(f) is proper to address new claims, parties or factual allegations of an amended complaint that are beyond the permissible scope of a court's prior order granting leave to amend.  *See, e.g., Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015) (striking new claims "that exceed[ed] the **leave** to **amend** granted" and collecting cases granting similar Rule 12(f) motions)

### B.    <u>Plaintiffs' Amendments are Beyond the Leave Granted by the Court</u>

As an initial matter, School Defendants note that Plaintiffs' SAC goes beyond

10

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1  the leave to amend granted by the Court.  Pursuant to Rule 15 of the Federal Rules

2  of Civil Procedures, a party may only amend its pleading once as a matter of course.

3  Fed. R. Civ. P. 15(a)(1).  Further amendments require the written consent of

4  opposing party or the court's leave.  Fed. R. Civ. P. 15(a)(2).

5          In its Order Granting in Part and Denying in Part Defendant Riverside

6  Unified School District's Motion to Dismiss and Granting the State of California's

7  Motion to Dismiss (the "Order"), Plaintiff was solely granted leave to amend per the

8  Court's Order.  In its Order, the Court ruled that State Superintendent of Public

9  Instruction Tony Thurmond and Attorney General Rob Bonta could be properly

10 sued in their official capacities.  The Court further stated, "Any amended complaint

11 **SHALL ONLY** address the deficiencies identified herein."  Order Granting in Part

12 and Denying in Part Riverside Unified School District's Motion to Dismiss and

13 Granting the State of California's Motion to Dismiss, ECF 68, T.S. et al. v.

14 Riverside Unified School District et al. (Emphasis in original).  Plaintiff has not

15 been granted leave by the Court to amend the complaint to substitute the California

16 Department of Education.

17         Similarly, Plaintiffs' allegations related to A.H. are immaterial and

18 impertinent to this controversy at hand and go beyond the leave to amend granted by

19 the Court.  A.H. is not alleged to have competed with either T.S. or K.S..  Further,

20 A.H. is a student outside of the District, attending another California school district.

21 It is unclear from the SAC how Plaintiffs' amendments related to A.H. relate to the

22 case and controversy at hand in this matter, specifically the provision of athletic

23 opportunities to female athletes at Martin Luther King High School as well as the

24 temporary restriction on the wearing of the Save Girls' Sports shirts.

25         Plaintiffs' Seventh and Eighth Claims for Relief are therefore improperly

26 asserted here and must be stricken from Plaintiffs' SAC.  Additionally, it is proper

27 to strike those allegations related to A.H. as well as the California Department of

28 Education in the following paragraphs of Plaintiffs' SAC: 23-24, 77-78, 152, 162-

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

11

1    168, 360, 361 as to A.H., 378 as to A.H., 393 as to A.H., and 400-434.

2    **C.**    **Plaintiffs Fail to Establish Standing to Seek Injunctive Relief as to**

3    **the District's Enforcement of AB 1266**

4    To establish standing, a plaintiff must show he "(1) suffered an injury in fact,

5    (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

6    likely to be redressed by a favorable judicial decision." *Laird v. United Tchrs. Los*

7    *Angeles*, 615 F. Supp. 3d 1171, 1178 (C.D. Cal. 2022), aff'd, No. 22-55780, 2023

8    WL 6970171 (9th Cir. Oct. 23, 2023) (*quoting Spokeo, Inc. v. Robins*, 578 U.S. 330,

9    338 (2016)).

10    "For injunctive relief, which is a prospective remedy, the threat of injury must

11    be actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-*

12    *Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quotations omitted).  "A plaintiff

13    seeking injunctive relief based on a past injury must show that he is realistically

14    threatened by a repetition of the prior injury to establish standing, regardless of

15    whether the injunction contemplates intrusive structural relief or the cessation of a

16    discrete practice." *Laird v. United Tchrs. Los Angeles*, 615 F. Supp. 3d at 1178

17    (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 109 (1983)).  Plaintiffs must

18    show a sufficient likelihood of being harmed again in a similar manner to establish

19    standing to seek injunctive relief.  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956,

20    971 (9th Cir. 2018) (quoting *Lyons*, 461 U.S. at 111).

21    Plaintiffs here have failed to plead a threat of a repetition of the injury caused

22    by the District's enforcement of AB 1266.  The only District transgender athlete

23    alleged to be competing against Plaintiffs T.S. and K.S. as well as other Save Girls'

24    Sports members is M.L.  As this Court noted, Plaintiffs' FAC described "M.L. as a

25    'senior' who is attempting to graduate early."  [CITE].  Plaintiffs identify no other

26    transgender athletes competing within the District in their SAC.  Instead, as

27    discussed further below, Plaintiffs rely on competitors outside of the District to

28    attempt to plead ongoing harm.  Thus, Plaintiffs have not established that there is

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

12

1  any likelihood of repeated injury as a result of the District's own enforcement of AB

2  1266.

3      Notwithstanding the above, the District anticipates that Plaintiffs will cite to

4  allegations related to A.H. in opposition.  However, Plaintiffs' allegations related to

5  A.H. are inapposite as to the District's enforcement of AB 1266.  As Plaintiffs

6  allege, A.H. competes pursuant to the enforcement of AB 1266 by another

7  California school district.  See SAC ¶¶ 163, 167.  A.H. is not alleged to be a District

8  student nor has A.H.'s participation in track and field or volleyball been alleged to

9  be subject to any District control.  Another assumedly transgender student

10  competing in another school district is insufficient to establish the likelihood of

11  Plaintiffs' harm being repeated as a result of the District's enforcement of AB 1266.

12      As plead, Plaintiffs have failed to allege any nonspeculative injury sufficient

13  to establish that Plaintiffs will suffer repeated injury due to the District's

14  enforcement of AB 1266, Plaintiffs' petition for injunctive relief as applied to the

15  District must be dismissed.

16      **D.      Plaintiffs Fail to State Their Claims Under Title IX**

17      Section 901(a) of Title IX of the Education Amendments of 1972 provides

18  that, subject to certain exceptions, "[n]o person in the United States shall, on the

19  basis of sex, be excluded from participation in, be denied the benefits of, or be

20  subjected to discrimination under any education program or activity receiving

21  Federal financial assistance."  20 U.S.C. § 1681(a).  Title IX's implementing

22  regulations require that schools provide "equal athletic opportunity for members of

23  both sexes."  34 C.F.R. § 106.41(c).

24      Title IX's implementing regulations "establish two components of Title IX's

25  equal athletic opportunity requirement: 'effective accommodation' and 'equal

26  treatment.' "  *Mansourian v. Regents of Univ. of California*, 602 F.3d 957, 964 (9th

27  Cir. 2010).  Effective accommodation requirements derive from 34 C.F.R. §

28  106.41(c)(1) and equal treatment requirements derive from 34 C.F.R. §

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

13

106.41(c)(2)-(10). *Id.* "Effective accommodation claims thus concern the opportunity to participate in athletics, while equal treatment claims allege sex-based differences in the schedules, equipment, coaching, and other factors affecting participants in athletics." *Id.*

## 1. Plaintiffs Fail to State a Claim for Title IX: Effective Accommodation Violation

In deciding whether a plaintiff can state an "ineffective accommodation" claim, courts look to the three-part compliance test set forth in 44 Fed.Reg. 71,418. *Brust v. Regents of Univ. of Cal.*, 2007 WL 4365521, at *3 (E.D. Cal. Dec. 12, 2007). To determine whether an institution is complying with the "effective accommodation" requirement, the court must consider the following:

(1) Whether ... participation opportunities for male and female students are provided in numbers substantially proportionate to their respective enrollments; or

(2) Where the members of one sex have been and are underrepresented among ... athletes, whether the institution can show a history and continuing practice of program expansion which is demonstrably responsive to the developing interest and abilities of the members of that sex; or

(3) Where the members of one sex are underrepresented among ... athletes, and the institution cannot show a continuing practice of program expansion such as that cited above, whether it can be demonstrated that the interests and abilities of the members of that sex have been fully and effectively accommodated by the present program.

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 854 (9th Cir. 2014) (citing 44 Fed.Reg. 71,413, 71,418 (Dec. 11, 1979)). Title IX plaintiffs bear the burden of proving a defendant's failure to satisfy Prong One's substantial proportionality requirement by showing an actionable "disparity" in participation opportunities by sex. *Anders v. California State Univ., Fresno, No. 121CV00179AWIBAM*, 2021 WL 3115867, at *5 (E.D. Cal. July 22, 2021) (citing *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 275 (6th Cir. 1994)).

Under the first prong, the court first determines the number of participation opportunities afforded to male and female athletes before considering whether the

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

14

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

1  number of participation opportunities "is substantially proportionate to each sex's

2  enrollment." *Ollier*, 768 F.3d at 855. Substantially proportionate participation is

3  unnecessary however if the District can show "a history and continuing practice of

4  program expansion responsive to the interest and abilities of 'female athletes.' " *Id.*

5  at 857 (citing 44 Fed.Reg. at 71,418). The District can alternatively satisfy Title IX

6  if it proves the interests and abilities of female students have been fully and

7  effectively accommodated. *Id.* at 858.

8      Plaintiffs' SAC fails to allege that Defendants have failed to satisfy the first

9  prong stated above. Plaintiffs' SAC does not allege any facts regarding the

10  proportionality of participation opportunities for male and female students. Plaintiff

11  offers only conclusory allegations that the District's "policies and practices cause

12  Plaintiffs to have materially fewer athletic opportunities than they previously

13  enjoyed because they no longer can compete in fair, exclusively female

14  competition." SAC ¶ 347. Plaintiffs further allege that biological males have

15  "displac[ed] biological females and reduc[ed] their overall performance and

16  participation rates." SAC ¶ 360. Plaintiffs have not alleged the extent to which the

17  inclusion of transgender athletes on teams aligning with their gender identity has

18  impacted the substantial proportionality between the number of boys' and girls'

19  athletic opportunities.

20      To the extent Plaintiffs' rely on M.L.'s and A.H.'s athletic participation, each

21  is insufficient to establish a cause of action for effective accommodation pursuant to

22  Title IX. Plaintiffs conflate the impacts of each athlete's participation on the final

23  standings of competitions with the number of athletic opportunities provided by the

24  District to female athletes. Plaintiffs allege no facts related to how M.L. has

25  impacted the proportionality of the number of athletic opportunities offered to

26  female athletes. As to A.H., it is clear that another athlete competing for another

27  school in another school district can have no impact on the proportionality of

28  athletic opportunities offered to District students.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

Similar to Plaintiffs' First Amended Complaint, Plaintiffs SAC fails to establish that M.L.'s participation on the track & field and cross-country teams have affected the substantial proportionality of participation opportunities available for female athletes at King High School on an institutional basis. Plaintiff therefore has failed to state their Fifth Claim for Relief.

### 2. Plaintiffs Fail to State a Claim for Title IX: Equal Treatment Violation

"Title IX requires 'equal treatment,' which has been interpreted by the OCR to require 'equivalence in the availability, quality and kinds of other athletic benefits and opportunities provided male and female athletes.' " *Ollier*, 858 F. Supp. 2d at 1110 (quoting Policy Interpretation 44 Fed. Reg. at 71,417-18). "Compliance in the area of equal treatment and benefits is assessed based on an overall comparison of the male and female athletic programs, including an analysis of recruitment benefits, provision of equipment and supplies, scheduling of games and practices, availability of training facilities, opportunity to receive coaching, provision of locker rooms and other facilities and services, and publicity." *Id.* (citing 34 C.F.R. § 106.41(c)).

Plaintiffs' SAC lacks any allegations to establish unequal treatment based on an overall comparison of the male and female athletic programs. Plaintiffs incorrectly allege that AB 1266 creates a biological boys' team and an integrated team, a misrepresentation of AB 1266. AB 1266 expressly requires that pupils be permitted to participate in sex-segregated athletic teams and competitions consistent with their gender identity. Cal. Educ. Code § 221.5(f). Both the girls and boys teams are thus subject to the same requirement that students be allowed to participate on the team consistent with their gender identity. Accordingly, Plaintiffs cannot establish any difference in the treatment to the boys' and girls' cross-country teams.

To the extent Plaintiffs allege the allowance of M.L. to compete in cross country and track & field constitute unequal treatment, the statistics alleged by

1  Plaintiff undermine the claim.  Plaintiff alleges that M.L.'s cross-country time was

2  19:41.  SAC ¶ 115.  Plaintiffs also allege that M.L.'s times were often, but not

3  always, sufficient to warrant placement in the Top 7.  SAC ¶ 378.  T.S. ran a 20:42

4  (SAC ¶ 116) while the fastest female on the team ran an 18:07.  SAC ¶ 344.  The

5  boys' Top 7 team times range from 15:29 to 17:08.  Id.  M.L.'s times clearly fall

6  within the times typical of cisgender girls, and thus Plaintiffs have not been deprived

7  of competitive opportunities that reflect their abilities.

8       Plaintiffs' Sixth Claim for Relief therefore fails to state a claim upon which

9  relief may be granted.

10  **IV.    CONCLUSION**

11       For all of the foregoing reasons, Defendant respectfully requests that the

12  Court grant this Motion to Dismiss and Strike Plaintiffs' Second Amended

13  Complaint.

14

15  DATED:  November 26, 2025         FAGEN FRIEDMAN & FULFROST, LLP

16

17

18  By: _____

19  Milton E. Foster III
    Nathaniel B. Rosilez
20  Attorneys for RIVERSIDE UNIFIED SCHOOL
    DISTRICT, AMANDA CHANN, and LEANN
21  IACUONE

22  190-115/9124889.1

23

24

25

26

27

28

**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO DISMISS AND STRIKE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

1    **CERTIFICATE OF COMPLIANCE**

2          The undersigned, counsel of record for Defendants Riverside Unified School

3    District, Leann Iacuone, and Amanda Chann, certifies that this brief contains 5.162

4    words, which complies with the word limit of L.R. 11-6.1.

5

6    DATED:  November 26, 2025

7

8

9    By: _____

10   Milton E. Foster III
     Nathaniel B. Rosilez
11   Attorneys for RIVERSIDE UNIFIED SCHOOL
     DISTRICT, AMANDA CHANN, and LEANN
12   IACUONE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

## PROOF OF SERVICE

**T.S. and K.S. v. Riverside Unified School District, et al.**
**Case No. 5:24-cv-02480-SSS (SPx)**

### STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

On November 26, 2025, I served true copies of the following document(s) described as **DEFENDANTS RIVERSIDE UNIFIED SCHOOL DISTRICT, LEANN IACUONE, AND AMANDA CHANN'S MOTION TO DISMISS AND STRIKE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cfigueroa@f3law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 26, 2025, at Corona, California.

_____
Christian Figueroa

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911

<div style="text-align: left; writing-mode: vertical">**Fagen Friedman & Fulfrost, LLP**
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951.215.4900 • Fax 951.215.4911</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**T.S. and K.S. v. Riverside Unified School District, et al.**
**Case No. 5:24-cv-02480-SSS (SPx)**

| | |
|---|---|
| Robert Tyler<br>Julianne Fleischer<br>ADVOCATES FOR FAITH & FREEDOM<br>25026 Las Brisas Road<br>Murrieta, CA 92562<br>Telephone: (951) 600-2733<br>btyler@faith-freedom.com<br>jfleischer@faith-freedom.com | Attorneys for Plaintiffs T.S. and K.S. |
| Rob Bonta<br>Darrell W. Spence<br>Stacey L. Leask<br>Katherine J. Grainger<br>Truman S. Braslaw<br>OFFICE OF THE ATTORNEY GENERAL<br>455 Golden Gate Ave., Ste. 11000<br>San Francisco, CA 94102<br>Telephone: (415) 510-3524<br>Facsimile: (415) 703-5480<br>Stacev.leask@doi.ca.gov | Attorneys for Defendants, State Superintendent of Public Instruction Tony Thurmond and Attorney General Rob Bonta |