JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-02480-SSS-SPx | Date | February 5, 2026 |
| Title | T. S. et al. v. Riverside Unified School District et al. | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NOS. 76, 79] AND DENYING PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Before the Court are Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint. [Dkt. No. 71, "Second Amended Complaint" or "SAC"; Dkt. No. 76, "State MTD"; Dkt. No. 79, "School MTD"]. Plaintiffs filed Oppositions to both motions. [Dkt. No. 83, "Opposition to School" or "School Opp."; Dkt. No. 85, "Opposition to State" or "State Opp."]. Plaintiffs also submitted a Request for Judicial Notice in conjunction with its Opposition to the School's MTD. [Dkt. No. 84].

**I.    FACTUAL AND LEGAL BACKGROUND**

For sake of brevity, the Court incorporates the factual background from its previous order granting in part and denying in part Defendants' Motion to Dismiss the First Amended Complaint. [Dkt. No. 68, "Prior Order"].

Once more, the State MTD and School MTD (collectively, "the Motions") raise arguments in the Motions to suggest Plaintiffs' claims must be dismissed for

lack of subject matter jurisdiction or failure to state a claim [*See generally* School MTD; *see generally* State MTD].

For the reasons discussed below, the Court **GRANTS** both Defendants' Motions and **DISMISSES WITHOUT PREJUDICE** the entire action. Plaintiffs' Request for Judicial Notice is **DENIED** due to the Court's lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

"A federal court's Article III power to hear disputes extends only to live cases or controversies." *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C.Cir.1995) (citing *Renne v. Geary,* 501 U.S. 312, 320–21 (1991) ("Past exposure to illegal conduct does not in itself show a present case or controversy. . . if unaccompanied by any continuing, present adverse effects.")). "Once the movant is no longer in harm's way, a motion for an injunction becomes moot." *Id.*

"The starting point for analysis is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). In other words, a federal court has no authority to give opinions upon moot questions. *See id.* This principle applies even if the case becomes moot at a later stage in the litigation: "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

Because mootness implicates a jurisdictional limitation, it must be addressed prior to reaching the merits of the claims. *DeFunis*, 416 U.S. at 316 (quoting *Rice*, 404 U.S. at 246); *see also Warth v. Seldin*, 422 U.S. 490, 498 (1975) (Whether a party has standing, and thus whether the case is justiciable, "is the threshold question in every federal case, determining the power of the court to entertain the suit.").

## III.   DISCUSSION

Both Motions reference the SAC's failure to allege facts that allege a justiciable, live controversy. [State MTD at 16–19; School MTD at 16–17]. Without a live controversy, the matter would be moot and the Court would lack subject matter jurisdiction.

There is no dispute amongst the parties that there are no transgender athletes against whom T.S. and K.S. will compete for a spot on the varsity girls' cross-country team. [State MTD at 26 n.2; School MTD at 16; Opp. to State MTD ; ]. As Defendants identify, the SAC "do[es] not allege that M.L. will be on the team next season, or at any future time." [State MTD at 20]. In fact, Defendant California Department of Education "is informed and believes that M.L. has graduated from MLKHS and will not at any point compete for a spot on the girls' varsity cross-country team." [*Id.* at 20 n.2].

Consider cases in analogous situations.

In *Craig v. Boren*, 429 U.S. 190, 192 (1976), the plaintiff's request for an injunction against enforcement of an alcohol consumption restriction applicable only to males aged 18 to 20 became moot once the plaintiff turned 21. Similarly, in *Ringgold v. United States*, 553 F.2d 309, 310 (2d Cir.1977), a cadet's suit to enjoin a military academy's application of the honor code against him became moot when he resigned from the academy.

Without M.L. on the team, Plaintiffs must identify at least one other individual that serves as the source of a concrete risk that had previously been posed. They have not done so.

Much like the plaintiffs in the cases above, Plaintiffs here are no longer directly affected by the circumstances they initially complained of. The newly added allegations in the SAC regarding another transgender female do not present the same type of injury because that individual "attends a different school in a different district." [State MTD at 16; School MTD at 17]. The alleged injuries in the SAC cannot be traced to that individual in the same manner that was possible while M.L. had attended MLKHS with Plaintiffs.

Accordingly, the Court finds Plaintiffs failed to amend the complaint to cure the deficiencies detailed in the Prior Order. [*See* Prior Order at 12–16]. Because the facts in the SAC no longer present a live controversy, the Court finds Plaintiffs' claims **MOOT**.

A finding of mootness implicates Article III; therefore, the Court lacks subject matter jurisdiction over this action. As such, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Request for Judicial Notice. [Dkt. No. 84].

## IV. CONCLUSION

Consistent with the discussion above, the Court **GRANTS** the Motions and **DISMISSES WITHOUT PREJUDICE** the action. [Dkt. Nos. 76, 79]. Plaintiffs' Request for Judicial Notice is **DENIED WITHOUT PREJUDICE** given the finding of mootness.

**IT IS SO ORDERED.**