ADVOCATES FOR FAITH & FREEDOM
Robert H. Tyler (SBN 179572)
btyler@faith-freedom.com
Julianne Fleischer (SBN 337006)
jfleischer@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 304-7583

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVE GIRLS' SPORTS, et al.; | Case No.: 5:24-cv-02480 SSS (SPx) |
| Plaintiff(s) | |
| v. | **PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| CALIFORNIA DEPARTMENT OF EDUCATION; RIVERSIDE UNIFIED SCHOOL DISTRICT; et al.; | **Date: March 27, 2026**<br>**Time: 2:00 p.m.**<br>**Dept.: 2**<br>**Judge: Hon. Sunshine S. Sykes** |
| Defendant(s). | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 27, 2026, at 2:00 p.m., or as soon thereafter as counsel may be heard via Zoom in the courtroom of the Honorable Sunshine Suzanne Sykes, located in the United States Courthouse, 3470 Twelfth Street, Riverside, California 92501, Plaintiffs Save Girls' Sports, an unincorporated California association; T.S., a minor by and through her father and natural guardian, Ryan Starling, individually, and on behalf of all others similarly situated; and K.S., a minor by and through her father and mother and natural guardians, Daniel Slavin and Cynthia Slavin, individually, and on behalf of all others similarly situated will hereby and do move this Court to reconsider its order dated February 5, 2026, dismissing Plaintiffs' claims as moot.

This Motion is based upon this Notice of Motion and the attached Memorandum of Points and Authorities and the Declaration of Julianne Fleischer, filed concurrently herewith, all the pleadings, files, and records in this proceeding, any matters to which the Court may properly judicially notice at the pleadings stage, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.[1]

DATED:  February 19, 2026          ADVOCATES FOR FAITH & FREEDOM

                                   /s/ Julianne Fleischer
                                   Julianne Fleischer, Esq.
                                   Attorneys for Plaintiffs

---

[1] Plaintiffs' counsel reached out to Defendants' counsel to meet and confer regarding this Motion. *See* Decl. Julianne Fleischer, ¶¶ 2-8. Plaintiffs' counsel heard back from counsel for the School District Defendants who said they would likely not oppose certain parts of the motion, but would need more time to consider the matter. *See* Decl. Julianne Fleischer, ¶ 9.

MOTION FOR RECONSIDERATION

# I. INTRODUCTION

Plaintiffs brought this action challenging Defendants' policies and actions that allow biological boys to participate on girls' athletic teams. This lawsuit encompasses a challenge to AB 1266 of the California Education Code that requires schools to permit students to participate in athletic events consistent with their gender identity. It also includes a challenge to the policies and actions of the Riverside School District ("RUSD"), including Leann Iacuone, Principal of Martin Luther King High School, in her personal and official capacity; and Amanda Chann, Assistant Principal and Athletic Director of Martin Luther King High School, in her personal and official capacity, in enforcing AB 1266 against Plaintiffs. Finally, this lawsuit challenges the Speech Policies of the School District Defendants that restrict the Plaintiffs' speech.

In pursuit of these challenges, Plaintiffs brought the following eight claims:

- Claim I – Free speech claim under the First Amendment to the U.S. Constitution against Defendants Iacuone and Chann based on the face of the Speech Policy. Dk. 71, PageID#818.

- Claim II – Free speech claim under the First Amendment to the U.S. Constitution against Defendants Iacuone and Chann based on the application of the Speech Policy against Plaintiffs. Dk. 71, PageID#818.

- Claim III – Due process claims against Defendants Iacuone and Chann, claiming that the Speech Policy was unconstitutional. *Id*. at 822.

- Claim IV – A Title IX Sex Discrimination claim against the Defendant RUSD alleging their treatment of M.L. constituted sex discrimination under Title VII. *Id.* at 827.

- Claim V – A Title IX Effective Accommodation claim against Defendant RUSD. *See id*. at 827-31.

- Claim VI – A Title IX Equal Treatment claim against Defendant RUSD. *Id*. at 831-35, seeking injunctive relief and damages.

- Claim VII –A Title IX facial claim against Defendant California Department of Education ("CDE"). *Id*. at 835-38.

- Claim VII – A Title IX as-applied claim against Defendant CDE. *Id.* at 838-840.

For these claims, Plaintiffs sought injunctive relief and damages. *See id*. at 841.

Defendant CDE moved to dismiss the claims against it (claims 7 and 8) contending the Plaintiffs lack standing, that the Preemption claims are barred by the 11th Amendment, and that in any event, AB 1266 was not preempted by Title VII. Dk. 76-1, PageID #967.

The School District Defendants (RUSD, Iacuone and Chann) moved to dismiss claims 5 and 6 for lack of standing as to the injunctive claims and for failure to state a claim. Dk. 79, PageID #1030.

Critically, no motion was made to dismiss claims 1, 2, 3 or 4. And the motion to dismiss claims 5 and 6 for lack of standing only applied to the request for injunctive relief, not the request for damages.

Despite this, the Court dismissed the entire case: all 8 claims, both as to injunctive relief and damages. This Court's analysis was premised on M.L., a male athlete named in Plaintiffs' Second Amended Complaint (ECF No. 71), having graduated. ECF No. 91.

The Court should reconsider its Order dismissing the entire case as no motion was made to dismiss claims 1-4, or the damages claims in counts 5 and 6.

Second, Plaintiffs' claims for monetary relief are not moot under Title IX and § 1983. Because this Court has previously permitted these claims for damages to go forward (ECF No. 68), it erred when it subsequently dismissed Plaintiffs' case in its entirety.

Third, the case is not moot because the unlawful policies are still in effect and a live controversy still exists as there is another athlete who will likely compete and present the same issues and controversies.

## II. STANDARD OF REVIEW

A motion for reconsideration is appropriate if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* Local Rule 7-18 (stating a motion for reconsideration of an order is appropriate if there is a manifest showing of a failure to consider material facts presented to the Court before the Order was entered).

## III. STATEMENT OF FACTS

Plaintiff incorporates its statement of facts from its Second Amended Complaint, and its opposition motions to Defendants' motions to dismiss (ECF Nos. 83, 85).

## IV. ARGUMENT

### A. The Court Erred In Holding The Case Is Moot Because Plaintiffs Seek Monetary Damages

In its February 5, 2026, Order, this Court granted Defendants' motions to dismiss and dismissed Plaintiffs' action without prejudice. ECF No. 91, Page ID#: 1179. In reaching its holding, the Court concluded that "because the facts in the SAC no longer present a live controversy," Plaintiffs' claims are moot. *Id.* at Page ID#: 1178. The entirety of this Court's discussion focused on the Second Amended Complaint not containing any allegation that M.L. will be on the team next year, and in fact, has graduated.  Dk. 91, Page ID #:1178.

Plaintiffs respectfully maintain that this holding is in error given that Plaintiffs, in addition to their injunctive and declaratory relief, also seek *monetary* damages for each of their claims. *See* SAC, ¶¶ 264, 289, 300, 333, 369, 399, 418, 434; SAC, Prayer for Relief, Sections E-G. Title IX allows for monetary damages for intentional discrimination. *Franklin v. Gwinnet Cnty. Public Schls.*, 593 U.S. 60, 75–76 (1992). A plaintiff in a Title IX case can seek monetary damages for emotional distress, pain and suffering, and other non-economic damages. *See Lopez v. Regents of Univ. of California*, 5 F.Supp.3d 1106, 1119 (N.D. CA 2013).

In *Mansourian v. Regents of University of California at Davis*, Plaintiffs sued the school for–among other claims–monetary damages for failure to effectively accommodate them under Title IX. 602 F.3d 957 (2010). Specifically, they alleged the school violated Title IX by excluding them from the wrestling team because of their sex. *Id*. at 966. The Court noted that monetary damages are available for such violations in certain circumstances. *Id.* at 966–67; *see also Mansourian v. Bd. of Regents of Univ. of California at Davis*, 816 F.Supp.2d 869 (9th Cir. 2011).

Likewise, monetary damages are available for violations under § 1983 in the form of compensatory damages, nominal damages, and punitive damages. *See Carey v. Piphus*, 435 U.S. 247, 264–65 (1978). In *Uzuegbunam v. Preczewski*, the Supreme Court held that nominal damages could be claimed to redress a past injury under section § 1983. 592 U.S. 279 (2021). The Court explicitly held that nominal damages were available retrospectively to redress harm. *Id*., at 292 ("we conclude that a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right").

Because monetary damages compensate a plaintiff for past injury, they are retrospective and not subject to a mootness analysis. While a student's graduation may moot a claim against the school for prospective or declaratory relief, it does not moot claims for retrospective relief in the form of monetary damages. *See Doe v. Madison Schl. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (noting that a

graduation may moot "moots claims for declaratory and injunctive relief, but it does not moot claims for monetary damages").

The Court erred by dismissing Plaintiffs' claims in their entirety as moot. ECF 91, PageID# 1178. Specifically, the Court held that M.L.'s graduation mooted Plaintiffs' claims because there was no longer a risk of future injury in having to compete against a transgender athlete. *Id*. This was a manifest error because it did not consider the fact that Plaintiffs have requested retrospective monetary damages for their Title IX and § 1983 claims. *See* SAC, ¶¶ 333, 434. These pending damages legally shield Plaintiffs' claims from being dismissed as moot and the Court erred by holding otherwise.

This Court previously allowed Plaintiffs' Fourth Cause of Action for intentional discrimination under Title IX to proceed forward in its September 24, 2025 Order denying Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action. ECF 68, PageID# 772 ("Accordingly, the Court DENIES the School Defendants' Motion to Dismiss as to Claim Four"). The Court denied the motion in part because it held that Plaintiffs identified sufficient facts related to Defendants' preferential treatment of a male athlete on the girls' sports team. *Id*.

Plaintiff has sought damages in each of its eight counts. These damages claims are based on what occurred in the past, and are not mooted by future change of circumstances. Respectfully, the Court should allow the damages claims to proceed.

**B.    The Court Erred In Holding The Case Is Moot Because The Policy Is Still In Effect And Reasonably Likely To Continue Harming Plaintiffs**

*1.    Because the Policy is still in effect, the case is not moot as Plaintiffs are likely to continue to have to compete against male athletes.*

The case is not moot because AB 1266 and Defendants' policies permitting biological males to participate in girls' sports remain in effect. As the Ninth Circuit noted in *United States v. Brandau*, "[A]lthough the particular situation precipitating a constitutional challenge to a government policy may have become moot, the case does

7

not become moot if the policy is ongoing." 578 F.3d 1064, 1067 (9th Cir. 2009). The Court explicitly held that "the continued and uncontested existence of the policy that gave rise to [the] legal challenges forecloses [the] mootness argument." *Id*.

Because the policies are still in effect, Plaintiffs will continue to be subjected to unfair competitions in which they are likely to be forced to compete against biological males. The continued harm is not speculative but real. This is demonstrated by their having to compete against A.H. in past and future competitions. SAC, ¶¶ 167–69.

2. *Plaintiffs' allegations regarding A.H. demonstrate continuing harm.*

The Court held that Plaintiffs' allegations are moot because they are "no longer directly affected by the circumstances they initially complained of" because M.L., the transgender male athlete, has graduated. ECF 91, PageID# 1178. But Plaintiffs' Second Amended Complaint has pled new facts to demonstrate ongoing harm that the Court's order does not address.

Namely, that Defendants have permitted another biological male, A.H., to compete in girls' sports against Plaintiffs. SAC, ¶¶ 162–67. The harm caused by A.H. is more significant because A.H. competes in more events and has been even more dominant than M.L. was when he competed. SAC, ¶¶ 162–74; *see also* Motion in Opposition, ECF 85. A.H. competes on the track and field team, where he became the state champion in girls' high jump and long jump as a junior. SAC, ¶ 163. A.H. also competes in volleyball, which is more serious because volleyball involves direct and indirect physical contact with opponents that can cause injury, most commonly when "stuffing" an opponent at the net or by spiking the ball and hitting opponents. SAC, ¶¶ 167–69.

Accordingly, Plaintiffs' addition of allegations related to A.H. are relevant because A.H. poses at a minimum the same risk of harm that M.L. posed—namely that A.H. continues taken opportunities and placements from Plaintiffs due to his inclusion in events. SAC ¶¶ 152–61, 429.

8

The Court's consideration of cases like *Craig v. Boren* and *Ringgold v. United States*, where a case was held moot because a student graduated are inapposite. ECF 91, PageID# 178. Plaintiffs have alleged an ongoing injury caused by Defendants enforcing a policy that requires Plaintiffs to compete against a biological male in both girls' track and field and girls' volleyball. Because A.H. has not graduated, there is an ongoing injury that is not moot.

## C.    The Court Erred By Dismissing Plaintiffs' First Amendment and Due Process Claims Because Defendants Never Moved To Dismiss Them And Because They Are Not Moot

Plaintiffs brings both facial and as-applied challenges to Defendants' speech policy. SAC, ¶¶ 246–89. Defendants' speech policy violates the First Amendment because it is content based and it restricts students' speech that does not and will not substantially disrupt the educational process. SAC, ¶¶ 250–54. Defendants' Motion to Dismiss did not seek to dismiss these claims. *See* ECF 76.1; ECF 79. But the Court still dismissed these claims without any analysis as to why it was appropriate. *See* ECF 91.

The Court's order states that Plaintiffs' claims are dismissed as moot because M.L. has graduated and will no longer compete against Plaintiffs. *See* ECF 91, PageID# 1178. But Plaintiffs' First Amendment claims challenged Defendants' speech policy and did rely on M.L.'s participation on the girls' team. SAC, ¶¶ 246–89. Accordingly, the Court's order provides no explanation as to why those claims would be moot. When the district court's "underlying holdings would otherwise be ambiguous or unascertainable," the reasons for entering summary judgment must be stated somewhere in the record. *Van Bourg, Allen, Weinberg & Roger v. NLRB,* 656 F.2d 1356, 1357 (9th Cir. 1981).

The Court erred by dismissing these claims without any reasoning or analysis as to why it was doing so. The Court further erred by dismissing the First Amendment Claims because they are not moot and are unrelated to M.L.'s having graduated.

9

**D.     Defendants Never Moved to Dismiss Counts V and VI's Monetary Damages Claims**

In the same way, neither Defendant moved to dismiss Counts V and VI's monetary damages claim. Defendant CDE moved to dismiss the two claims against it (counts 7 and 8).  The School District Defendants only moved to dismiss Counts V and VI for lack of standing as "Plaintiffs have not alleged an injury sufficient to confer constitutional standing for injunctive relief." Dk. 79, Page ID #:1030. No mention was made as to dismissing the claim for damages based on standing.

## V. CONCLUSION

For these reasons, Plaintiffs respectfully request the Court grant their Motion for Reconsideration under Local Rule 7-18 and Federal Rules of Civil Procedure, Rule 59(e).

DATED:  February 19, 2026          ADVOCATES FOR FAITH & FREEDOM

/s/ Julianne Fleischer
Julianne Fleischer, Esq.
Attorneys for Plaintiffs