UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-02480-SSS-SPx | Date | March 16, 2026 |
|---|---|---|---|
| Title | T. S. et al. v. Riverside Unified School District et al. | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION [DKT. NO. 92] AND (2) REOPENING CASE

Before the Court is Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendants' Motions to Dismiss. [Dkt. No. 92, "Motion"]. Defendants have filed their respective Oppositions. [Dkt. No. 93, "School Opposition" or "School Opp."; Dkt. No. 94, "State Opposition" or "State Opp."]. Having considered the arguments, relevant legal authority, and record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Reconsideration.

I.    BACKGROUND

The Court finds no need to reiterate the factual background, and incorporates the factual background section from the prior order that granted in part and denied in part Defendants' Motion to Dismiss the First Amended Complaint. [Dkt. No. 68].

On February 5, 2026, the Court granted Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint. [Dkt. No. 92, "Prior Order"]. The Prior

Order inadvertently dismissed without prejudice the entire action based upon the finding of mootness.  [*Id.* at 4].

Accordingly, Plaintiffs filed this Motion, which seeks reconsideration of the Prior Order that dismisses the entire case and its determination on mootness. [Motion at 4].  School Defendants raise limited opposition to the Motion, conceding that they did not raise Claims 1 through 4 in the Motion to Dismiss the Second Amended Complaint. [School Opp. at 2].  However, School Defendants argue that that Plaintiffs' claims for injunctive relief should remain dismissed. [*Id.* at 3].  State Defendants argue that there is no basis for the Motion. [State Opp. at 9–10].

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 7-18.  *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008); *see also Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2019 WL 4565178, *2 (C.D. Cal. 2019) ("A motion for reconsideration of an interlocutory order is governed by Local Rule 7-18.").  Local Rule 7-18 provides that a reconsideration motion should be made:

> only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18.

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Milton H. Greene Archives, Inc.*, 568 F. Supp. 2d at 1162; *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

## III. DISCUSSION

The Court evaluates the various grounds for the arguments raised in the Motion as relevant to the claims in the Second Amended Complaint ("SAC"). [*See* Dkt. No. 71].

### A. Mootness

Plaintiffs seek reconsideration of the Court's prior determination that the case is moot. [Motion at 4, 7–9]. Their arguments largely rest on the SAC's allegations pertaining to competing against A.H., another biological male. [*Id.* at 8]. Defendants cite the Prior Order to rebut this argument. [School Opp. at 5; State Opp. at 11].

The Court **DENIES** the Motion on this ground. The Prior Order already addressed that Plaintiffs failed to identify any other individual that serves as the "source of a concrete risk" that M.L. had previously posed. [Prior Order at 3]. Although A.H. is an athlete Plaintiffs may compete against, A.H. attends school at a *different school* in a *different district*. [*Id.* (citing to State Defendants and School Defendants' Motions to Dismiss)]. The nature of injury alleged by Plaintiffs is unrelated to the First and Fourteenth Amendment challenges brought in the SAC, as the factual basis for these claims involve school district-specific policies and actions. Plaintiffs' reference to A.H. cannot overcome the finding of mootness for claims seeking prospective relief.[1]

As such, the Court finds Plaintiffs' claims for injunctive relief moot.

### B. Claims 1 through 4

Although the Court maintains its finding of mootness, that determination only applies to Plaintiffs' claims for prospective relief. *See Buckhannon Board & Care Home v. W. Va. Department of Health & Human Res.*, 532 U.S. 598, 608–09 (2001) ("[S]o long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case").

---

[1] To the extent Plaintiffs seek damages for its Title IX claims against State Defendants, such retrospective relief is not available. *See Edelman v. Jordan*, 415 U.S. 651, 677 (1974).

Plaintiffs correctly identify that Claims 1–4 seek "nominal damages and compensatory damages" against School Defendants for First and Fourteenth Amendment violations. [*See* Dkt. No. 71 ¶¶ 264, 289, 300, 333, SAC]. Because these claims seek damages against School Defendants and were not the subject of the Motion to Dismiss, the Court finds it previously erred. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Reconsideration on this ground. Claims 1–4 of the SAC may proceed in the action.

### C. Claims 5 and 6

Moreover, Plaintiffs argue that Defendants never moved to dismiss Claims 5 and 6. [Motion at 10]. Claim 5 alleges effective accommodation violations of Title IX by School Defendants; Claim 6 alleges violations of equal treatment under Title IX by School Defendants. School Defendants clarify that "Plaintiffs requests for injunctive relief [for Claims 5 and 6] should remain dismissed by this Court" because their previous Motion to Dismiss "requested dismissal as to [these claims] . . . as beyond the leave granted by the Court to Plaintiffs to amend [the FAC]." [School Opp. at 2–3]. The SAC does not specify the specific relief requested for these claims. For the same reasons discussed above, the SAC fails to identify any source of concrete injury for prospective relief from School Defendants.

To the extent Plaintiffs seek monetary relief for these claims, the Court **GRANTS** the Motion. Claims 5 and 6 may proceed only as to their requests for monetary damages.

### IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion for Reconsideration. As such the Court clarifies that Plaintiffs' claims brought against the School Defendants seeking monetary damages are not moot and not dismissed (Claims 1 through 6). However, all of Plaintiffs' claims brought against the State Defendant are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

The action is hereby reopened. School Defendants are **ORDERED** to file an Answer by **Friday, March 27, 2026**. The Court **SETS** a scheduling conference for **Friday, April 10, 2026 at 1:00 P.M.** via videoconference.

**IT IS SO ORDERED.**